WILLIAM F. PARKS, Appellant, *v.* MARGARET A. MURRAY
et al., Respondents.

After an appeal has been perfected to this court, a motion, under the Code
of Civil Procedure (§ 1308), to compel the appellant to file a new under-
taking should be made here, not in the Supreme Court; that court has
no jurisdiction to grant the motion.

(Argued April 10, 1888; decided April 17, 1888.)

MOTION to dismiss appeal.
The following is the opinion:

" The motion to dismiss the plaintiff's appeal must be
denied. It was founded upon his omission to comply with
an order of the Supreme Court, made December 19, 1887,
directing him to file a new undertaking on or before Jan-
uary 10, 1888. Such order was made after the plaintiff
had perfected his appeal to this court by filing and serving his
notice of appeal and the requisite undertaking. The Code
provides explicitly that when those acts are done the appeal is
perfected. (Sec. 1326.) Thence forward the jurisdiction of
this court attaches and the authority of the Supreme Court,
except as specially preserved, ends. By section 1308 the court
in which the appeal is pending is authorized to require the
filing of a new undertaking and dismiss the appeal for non-
compliance with the order. In this case the motion should
have been made before us and not in the Supreme Court.
The only authority given to require a new undertaking is
vested in this court when an appeal to it has been duly per-
fected, for it then becomes the only court in which the appeal
is pending. The Supreme Court cannot make it outside of

the authority given by the Code because of its inherent control over its own records, since this is not a question of correcting or reforming an old record, but of making an entirely new one. It is suggested that we have already dismissed the plaintiff's appeal as against another of the defendants' for non-compliance with the same order, (107 N. Y. 674.) That is true; but the question of its validity was not then raised, and the jurisdiction of the Supreme Court was conceded. So long as the party affected by it did not challenge it, we were justified in disregarding the inquiry. Here the question is distinctly raised.

" The motion should be denied."

*Kurzman & Yeoman* for motion.

*John W. Brainsby* opposed.

*Per Curiam* opinion for denial of motion.
All concur.
Motion denied.