sion, receiving the rents, issues, and profits, and making improvements. There is no fraud shown in the foreclosure proceedings or the procurement of these conveyances. The deed from Edward T. Gregan to Davidson was executed and delivered April 15, 1872, and he became of age about May 12, 1871. The statute began to run in May, 1871, and the title assured in May, 1891. This action was brought in November, 1893, over 2 years beyond the 20 years succeeding Gregan's majority. It is true that he died January 11, 1877, leaving plaintiff his only heir at law, she being then, and to the bringing of this action, under the disability of infancy. This disability did not interrupt the running of the statute, it having begun in the lifetime of her father. Fleming v. Griswold, 3 Hill, 85. Were this otherwise, it is plain that successive disabilities might render the statute ineffective.

A decree is ordered for the defendants, with costs.

(15 Misc. Rep. 526.)

### HOWERY v. LAKE SHORE & M. S. RY. CO.

(Supreme Court, Special Term, Erie County. January 20, 1896.)

APPEAL—DISMISSAL—POWER OF TRIAL COURT.
    The trial court has no power to dismiss an appeal to the court of appeals after it has been perfected.

Action by Robert L. Howery against the Lake Shore & Michigan Southern Railway Company. Plaintiff moves for an order discontinuing his appeal to the court of appeals. Denied.

George W. Cothran, for plaintiff.
Maurice C. Spratt, for defendant.

WARD, J. This action was brought in the superior court of Buffalo in 1894. Issue was joined, and the case was tried. The plaintiff recovered a verdict of $4,000. The general term of the superior court of Buffalo reversed the judgment, and ordered a new trial. 34 N. Y. Supp. 1089. From that order the plaintiff appealed to the court of appeals, giving the proper security to perfect such appeal, and the return to the appeal was filed with the clerk of the court of appeals September, 1895. The defendant objects that the supreme court has no power to grant this motion, and contends that the power to dismiss this appeal alone rests with the court of appeals. By section 1295 of the Code of Civil Procedure, it is provided that after an appeal is taken to another court the name of the appellate court must be substituted for that of the court below, in the title of the action or special proceeding. By section 1326 of this Code the appeal is perfected when the proper undertaking is given. In Adams v. Fox, 27 N. Y. 640, there was a motion to dismiss the appeal after service of the notice of appeal, but the return of the subordinate court had not been filed. The court (Denio, J.) says:

"It is objected that this motion cannot be entertained, because the return has not been filed, and it is urged that until this is done this court is not pos-

sessed of the case. But we think, when a notice of appeal has been served, and the proper undertaking perfected, the case is so far removed from the subordinate court that we can entertain any application which the case, in its then condition, may render necessary."

And the appeal was dismissed.

In Parks v. Murray, 109 N. Y. 646, 16 N. E. 485, there was a motion to dismiss the appeal. It was founded upon the omission to comply with an order of the supreme court, made December 19, 1887, directing the appellant to file a new undertaking. Such order was made after the plaintiff had perfected his appeal to the court of appeals. The court says:

"The Code provides explicitly that when those acts are done the appeal is perfected. Section 1326. Thenceforward the jurisdiction of this court attaches, and the authority of the supreme court, except as specially preserved, ends. * * * In this case the motion should have been made before us, and not in the supreme court."

And the court refused to dismiss the appeal.

In Peterson v. Swan, 119 N. Y. 662, 23 N. E. 1004, there was a motion in the court of appeals to remit the return to the court below for amendment, and the court says:

"It has been frequently held by this court that although a copy of the record has been filed with the clerk, pursuant to the notice of appeal, yet the court below so far retains jurisdiction of the case as to enable it to make such amendment to the record as it shall deem proper, and to order that the amendment shall be duly certified to us and filed with our clerk. When thus filed, we regard it as part of the original return, and proceed to hear the case as thus prepared."

The court held that the motion to remit was unnecessary, as the court below had power to amend the record, and therefore the motion was denied.

In People v. Board of Education, 141 N. Y. 86, 35 N. E. 1087, there was a motion for an order directing the former attorneys of the relator to deliver to her present attorney certain papers. Appeal had been duly perfected, in that action, to the court of appeals. Objection was made that the motion should have been made in the court below. That objection was sustained, and the court says:

"Upon an appeal to this court the record itself is not transmitted, and the case, for all general purposes, still remains in the court of original jurisdiction. A transcript only of the record is sent here. In all matters pertaining to the appeal itself, and to the proper hearing thereof, this court has jurisdiction, and also in regard to all applications which by the statute may be made to this court after the taking of an appeal; but as to all other applications the case is regarded as still pending in the court of original jurisdiction, and such applications should be made to that court."

In Henry v. Allen, 147 N. Y. 346, 41 N. E. 694, the appellant moved for an order directing that the return be transmitted to the supreme court, and that the case be remanded, without prejudice, to the appeal to the court of appeals, for the purpose of enabling him to move for a new trial in the court below on the ground of newly-discovered evidence. The court says:

"We deny this motion, for the reason that the pendency of this appeal is no bar to a motion in the court below for a new trial. We have heretofore pointed out that upon an appeal to this court the record itself is not trans-

mitted to us, but a transcript thereof, and the case, for all general purposes, still remains in the court of original jurisdiction;" citing People v. Board of Education, supra, and quoting what is quoted above from that case.

It must be said that the decisions above quoted in the court of appeals leave the law in some confusion, which that court alone has the power to dispel. The scheme of the Code seems to be that when an action is appealed to the appellate court, and that appeal is perfected, all matters relating to the appeal itself, and its disposition, come under the control of the appellate court, and this is reasonable. A subordinate court can supply a defective record in the appellate court, and, as stated in the last case cited, can proceed with a motion for a new trial notwithstanding the appeal; but as to the disposition of the appeal itself, whether it is to be dismissed or retained by the appellate court, that is a matter exclusively for the appellate court to determine.

It follows from these views that the motion to dismiss must be denied, but I think no costs of the motion should be imposed.