(18 Misc. Rep. 596.)

### BIGGERT v. NICHOLS.

(City Court of New York, General Term. December 12, 1896.)

1. PLEADING—ORDER SUSTAINING DEMURRER—APPEAL.
    An order sustaining a demurrer to an answer, with leave to amend, is not appealable.
2. SAME—APPEAL FROM ORDER—AMENDING TO APPEAL FROM JUDGMENT.
    Leave to amend a notice of appeal, so as to make it an appeal from a judgment instead of an order, will not be allowed after the time in which to appeal from the judgment has expired.
3. UNDERTAKINGS—LEAVE TO AMEND—CONSENT OF SURETIES.
    Leave to amend an undertaking on appeal will not be granted, without the consent of the sureties, as the liability of the sureties might thereby be increased.

Appeal from special term.

Action by Joseph M. Biggert against Edwin Nichols. From an order sustaining a demurrer to an answer, with leave to amend, defendant appeals. Dismissed.

Argued before VAN WYCK, C. J., and FITZSIMONS and O'DWYER, JJ.

Walter I. Taylor, for appellant.

Edgar J. Nathan, for respondent.

O'DWYER, J. It has been well-settled that an appeal will not lie from an order sustaining a demurrer to an answer, with leave to amend. The appeal in this case was taken from an order to this effect; and, under many authorities, it is well settled that such an appeal must be dismissed. Ludwig v. Gove, 14 Misc. Rep. 233, 35 N. Y. Supp. 714; Stokes v. Stokes, 76 Hun, 314, 28 N. Y. Supp. 165; Bank v. Lynch, 76 N. Y. 514.

On the hearing of this appeal, the appellant applied for leave to amend the notice of appeal and undertaking on appeal, so as to make the appeal from the judgment instead of the order. The application should be denied, upon the ground that the time in

which to appeal from the judgment expired on the 22d day of October, 1896. The Code requires that an appeal from an interlocutory judgment to the general term of this court shall be taken within 10 days after the service of a copy of the judgment and notice of entry. The judgment was served October 12, 1896.

No power rests in the court to amend an undertaking on appeal without the consent of the sureties, for by so doing the liability of the sureties might be increased.

The appeal should be dismissed, with costs. All concur.