James F. Guilfoyle, Respondent, *v.* Catharine E. Pierce,
Appellant.

*Appeal to the Court of Appeals — necessity of security to perfect it — stay of
proceedings.*

An undertaking under section 1326 of the Code of Civil Procedure is requisite to
perfect any appeal to the Court of Appeals, and when an appellant has failed
to give such undertaking the Supreme Court has no power to stay proceedings
under the judgment appealed from until the appeal is made effectual, if it can
be, under the provisions of section 1303 of the Code of Civil Procedure.

Appeal by the defendant, Catharine E. Pierce, from so much of
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 25th day of May, 1897, as stays her proceedings and
the proceedings of David J. Lees, as receiver under the judgment
in the action, pending an appeal to the Court of Appeals, and as per-
mits the plaintiff to perfect said appeal and stay proceedings upon
filing an undertaking for $1,500.

*T. M. Tyng*, for the appellant.

*Franklin Bien*, for the respondent.

Rumsey, J. :

The judgment of the Special Term in this case was affirmed by
this court on the 11th of May, 1896, and a copy of the judgment of
affirmance, with notice of its entry, was served on that day, so that
the time for the appellant to appeal to the Court of Appeals expired
on the 11th of May, 1897. The appeal was taken to the Court of
Appeals on the 5th day of June, 1896, but no undertaking to per-
fect the appeal was ever given. In May, 1897, this motion was
made for a stay of proceedings pending the appeal to the Court of
Appeals, and such a stay was granted upon the giving of a bond in
the sum of $1,500, and from so much of the order this appeal is
taken. No undertaking having been given upon the appeal to the
Court of Appeals, the notice of appeal was not effectual for any pur-
pose. (Code Civ. Proc. § 1326.) It can only be made effectual, if
at all, under the provisions of section 1303 of the Code. Until the

court has permitted the defendant to perfect the appeal by the service of an undertaking, there is no power in this court to stay the proceedings upon appeal, because there is no appeal pending. (*Architectural Iron Works* v. *City of Brooklyn*, 85 N. Y. 652.) The stay given by section 1331 of the Code, under which this order was made, does not exist until a perfected appeal has been taken, by virtue of which the case may be heard in the Court of Appeals. As that has not been done here, the order was erroneous, and so much of the order as is appealed from is reversed, with ten dollars costs and printing disbursements, and so much of the motion denied, with ten dollars costs.

VAN BRUNT, P. J., BARRETT, WILLIAMS and PATTERSON, JJ., concurred.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.