(30 App. Div. 580.)

GOLDMARK v. MAGNOLIA ANTI–FRICTION METAL CO. et al.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

JOINDER OF CAUSES OF ACTION.

    A cause of action against one corporation upon a contract to pay commissions, and a cause of action against another corporation subsequently formed and having substantially the same stockholders and officers, upon its contract, express or implied, with the first corporation, to assume all its liabilities, each corporation continuing in existence and maintaining its own identity, cannot be joined in the same complaint.

Appeal from special term.

Action by Adolph Goldmark against the Magnolia Anti-Friction Metal Company and another. From a judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and RUMSEY, INGRAHAM, and O'BRIEN, JJ.

Alexander S. Bacon, for appellants.

L. A. Gould, for respondent.

INGRAHAM, J. The complaint in this action alleges a contract between the plaintiff and the Magnolia Anti-Friction Metal Company, whereby such corporation agreed to pay to the plaintiff certain commissions upon the sale of metal manufactured by the said corporation; that commissions to the amount of $9,513.37 had been earned under the agreement; and that the said agreement was made in the city of New York on or about September 26, 1890. The complaint then alleges that on or about May, 1893, this corporation, who had made this contract with the plaintiff, caused to be organized this appellant, which is a corporation organized under the laws of the state of West Virginia, and was incorporated in May, 1893, and that thereupon this appellant took possession and control of all the property and assets of the Magnolia Anti-Friction Metal Company, and that said company gave or allowed to this appellant (Magnolia Metal Company) a perpetual and universal license or permission to manufacture this metal known as the "Magnolia Anti-Friction Metal"; that the Magnolia Metal Company (appellant) issued its entire capital stock to the said Magnolia Anti-Friction Metal Company, which stock was distributed or divided among the then stockholders of said corporation pro rata, so that the stockholders of each defend-

ant were identical; that the managers and directors of both of these corporations were identical, or nearly so; that this appellant had knowledge and notice of the agreement between the plaintiff and the said corporation; that it assumed and carried out all other existing and pending contracts of the corporation, and discharged all other of its existing liabilities and obligations. The complaint further alleges that, "by reason of the premises, defendant Magnolia Metal Company assumed and appropriated to itself all the benefits or advantages arising from or connected with said contract with plaintiff; it also assumed said agreement with plaintiff, or became liable to plaintiff thereunder, to the same extent and in like manner as said co-defendant was and is so liable."

This appellant demurs upon two grounds: First, that the complaint sets forth two separate and distinct causes of action, which were improperly united,—one a cause of action against the defendant the Magnolia Anti-Friction Metal Company on an alleged express contract, and the other a cause of action against this defendant alone on an alleged implied and different contract, and thus improperly united; and, second, that the complaint does not state facts sufficient to constitute a cause of action.

The right to sue both of these defendants in one action is sought to be sustained by the respondent upon the ground that upon the facts alleged, while there are two nominal defendants, they, in reality, constitute a single artificial person or business concern, and that the mere shifting of the property and business from one corporate name and organization to another would not of itself affect the rights of creditors, nor relieve the business from legal liability to answer for debts contracted under either name. The complaint, however, distinctly alleges the independence of the two corporations. The Magnolia Anti-Friction Metal Company, the corporation which made the contract with the plaintiff, is a corporation organized under the laws of the state of New York prior to 1890. The appellant the Magnolia Metal Company is a foreign corporation, organized under the laws of the state of West Virginia, on or about May, 1893. By the incorporation of these two companies two distinct persons were created. The appellant the Magnolia Metal Company, not being in existence as a corporation when the contract sued on was made, could not have been originally liable upon that contract. Its obligation to perform that contract must arise because of some act of the corporation itself after it was incorporated. No agreement by its promoters, or persons who organized it, made with the plaintiff prior to its organization, is binding upon the corporation when organized, unless in some way assumed by such corporation; and such assumption by the new corporation, whether by virtue of an express contract between the two persons or whether implied by the acts of the new corporation, must be based upon some act of the corporation itself after it was created, and after it was in a position to make contracts or incur obligations. We will assume that the complaint alleges a good cause of action against this appellant because of its assumption of the obligations of its co-defendant, and that the plaintiff could maintain the action by proving these facts here alleged as evi-

.dence of the assumption of the liability of the appellant's co-defend-
.ant to the plaintiff. But, assuming that to be so, the foundation
.of the plaintiff's claim against this defendant is the assumption of
.that obligation by the defendant, and that is a contract, either ex-
press or implied, subsequent to the organization of the appellant as
a corporation, and entirely distinct from the obligation that the ap-
pellant's co-defendant is under to the plaintiff under its original con-
tract as alleged in the complaint. This appellant, by its demurrer,
.admits the sixteenth allegation of the complaint, and under that it
may be the plaintiff would be entitled to prove either an express
.agreement whereby the obligation to the plaintiff was assumed, or
.acts of the appellant by which the law implies the assumption of the
obligation to the plaintiff; but the liability of this appellant de-
pends upon either this express or implied assumption of the liability
.of its co-defendant to the plaintiff, and the contract thus sought to
be enforced is this contract of assumption of an existing liability,
which contract does not bind the appellant's co-defendant. Thus, a
cause of action at law for damages is sought to be enforced against
the appellant which arises upon the contract made between this ap-
pellant and its co-defendant, under which the co-defendant is not lia-
ble. We are not now speaking of the right of this plaintiff to re-
cover from the appellant upon the facts alleged in the complaint.
We assume that the allegations for that purpose are sufficient. The
question is whether a cause of action against this appellant, based
upon its assumption, either express or implied, of a contract be-
tween the plaintiff and the appellant's co-defendant, can be united
with a cause of action upon the original contract against the appel-
lant's co-defendant.

The cases cited by the respondent against national banks, where
it has been sought to enforce obligations made by a bank which
has become merged in the national bank against whom the action
was brought, do not apply. It was there held that the change or
conversion of a state bank into a national bank did not close its
business of banking, nor destroy its identity or its corporate exist-
ence, but simply resulted in a continuance of the same body, with the
same officers and stockholders, the same property, assets, and bank-
ing business, under a changed jurisdiction; that it remained one and
the same bank, and went on doing business uninterruptedly; and
therefore the national bank was liable for the obligations of the state
bank. Bank v. Claggett, 141 U. S. 520, 527, 12 Sup. Ct. 60. In that
case one bank went out of existence when the other bank came into
existence, and there was a continuation of the same business by the
same stockholders, with the same property, and thus the new cor-
poration was liable for the defaults of the state bank without proof
.of a specific assumption of liability; but here the allegation is that
both corporations existed at the time of the commencement of the
action, organized under the laws of different states, and still exist-
ing as distinct and separate corporations. If the appellant's co-
defendant was liable under its original contract with the plaintiff,
it would be entitled to a judgment against such co-defendant. But
the liability of this appellant would depend upon a new and differ-

ent contract or obligation, either express or implied, in addition to that upon which the liability to the appellant's co-defendant depended.

By section 484 of the Code it is provided that the plaintiff may unite in the same complaint two or more causes of action, but it must appear upon the face of the complaint that all of the causes of action so united affect all the parties to the action.   The cause of action against this appellant, based, as it is, upon a contract made after its organization, in 1893, does not affect this appellant's co-defendant.   In Adams v. Stevens, 7 Misc. Rep. 468, 27 N. Y. Supp. 993, this same question was presented.   Judge Pryor, in a very satisfactory opinion, after a review of the cases, holds that a cause of action upon an original employment cannot be united with a cause of action against a third party because of a subsequent ratification and adoption of the original employment.

We think, therefore, that there were two causes of action alleged in the complaint which were improperly united, and that for that reason the demurrer should have been sustained.   The judgment is reversed, and judgment directed sustaining the demurrer to the complaint, with costs, with leave to the plaintiff to amend upon payment of costs in this court and in the court below.   All concur.

O'BRIEN, J.   I think, for the reasons stated in the opinion of the learned judge at special term, that a good cause of action is alleged as against the appellant; but I concur in the result, on the ground of misjoinder of parties defendant.