(72 App. Div. 150.)

SPINDLER v. GIBSON et al.

(Supreme Court, Appellate Division, First Department. May 16, 1902.)

**1. APPEAL—EXTENDING TIME TO SERVE PAPERS.**

The special term may permit service of appeal papers after time therefor has elapsed, though there be laches justifying refusal of the relief.

**2. SAME—DISMISSAL.**

Appeal, when properly taken from special term to appellate division, cannot be dismissed by the former, but only by the latter.

Appeal from special term, New York county.

Action by Annie M. Spindler against Mary E. Gibson and another. From an order vacating a previous order which dismissed plaintiff's appeal, and authorizing the service of papers prepared on the appeal, on certain conditions, and on failure to comply therewith the appeal to b⌐ dismissed, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

William O. Campbell, for appellants.

Thomas J. O'Neill, for respondent.

HATCH, J. The papers contained in this appeal show laches upon the part of the respondent which would have justified the court in refusing relief, so far as the motion was addressed to the favor of the court. It is equally true, however, that it was within the power of the court to grant relief, and extend the respondent's time to serve her case, procure the same to be settled, and otherwise to perfect the same upon appeal. The order from which the appeal is taken vacated a former order of the special term which dismissed the plaintiff's appeal, and, upon terms and certain conditions, permitted a case to be served, and the appeal perfected. The special term has full power to make all orders connected with the preparation, service, and filing of the case upon appeal, and this court will not entertain applications covering such subjects. But the appeal itself, when properly taken, is removed from the special term into the appellate division, and the latter court alone has jurisdiction of the same. The special term, as to it, is without power to make an order affecting it. If there be failure to make or serve the case, or other omission to perfect the appeal and bring it to a hearing, the remedy is by motion in this court to dismiss the appeal. There was no authority, therefore, for the dismissal below, and the appellant was not justified in returning the cases prepared upon the appeal based upon such order. The court, however, possessed full power to open the default, set aside its former order, and permit the respondent to serve her case.

The order appealed from should, therefore, be affirmed so far as it permits the service of the appeal papers upon the terms imposed, with $10 costs and disbursements to the respondent. All concur.