MYERS et al. v. LEDERER et al.

(Supreme Court, Appellate Division, First Department. January 11, 1907.)

1. ACTION—JOINDER OF SEPARATE CAUSES OF ACTION—PARTIES AFFECTED.

A complaint alleged generally that prior to a certain date certain persons, among them some of defendants, retained plaintiffs to perform professional services in the formation of a corporation to take over a certain business then conducted by various firms. Another paragraph alleged that in a certain month seven of the defendants composing a certain firm retained and employed plaintiffs to render services about the proposed corporation, agreeing to pay them the reasonable value of their services, etc., and setting forth a cause of action against said defendants. The complaint then set forth several paragraphs, alleging similar causes of action against several different firms, and then alleged that plaintiffs accepted the retainers mentioned in the various paragraphs, and that their services were worth the sum of $20,000, and sought to recover against all the defendants jointly a judgment for that amount. *Held*, that the complaint was demurrable, as improperly uniting separate causes of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 525.]

2. PLEADING—DEMURRER TO COMPLAINT—DIVISION OF SEPARATE CAUSES OF ACTION.

Code Civ. Proc. § 497, provides that if a demurrer to complaint is allowed because two or more causes of action have been improperly united, the court may in its discretion direct the action to be divided into as many actions as necessary for proper determination. *Held*, that where a complaint was demurrable as uniting separate causes, a judgment requiring plaintiff to divide his action into separate actions, without giving him leave to amend, was authorized.

Appeal from Special Term, New York County.

Action by Emanuel J. Myers and others, against Bernard Lederer and others. From an interlocutory judgment sustaining demurrer to the complaint on the ground that causes of action have been improperly united, plaintiffs appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Emanuel J. Myers, pro se.
Abraham Gruber, for respondents.

INGRAHAM, J. This action was brought to recover for legal services rendered by the plaintiffs as attorneys and counselors at law. The complaint alleges that prior to the month of April, 1902, at various times mentioned, various persons, some of whom are defendants and some of whom are not, retained the plaintiffs to perform certain

professional services in and about the formation and organization of a corporation under the laws of the state of New York to take over the business of the said firms, who were engaged in the manufacture and sale of cloth hats and caps in the city of New York and other firms engaged in the same line of business.

The fifth paragraph alleged that in the month of April, 1902, seven of the defendants, who composed the firms of Simonson & Pachner and H. Lichtenstein & Sons, retained and employed the said plaintiffs to render and perform professional services as attorneys and counselors at law in and about the matter of the proposed corporation, and in consideration of the said plaintiffs accepting said retainer and of performing said services in such matter, undertook, promised, and agreed to pay the plaintiffs the reasonable value of the services to be rendered therein, and also to pay the reasonable value of the services theretofore rendered as alleged in former paragraphs of the complaint; that thereupon, and in consideration of such promise, the plaintiffs accepted such retainer and entered upon the performance thereof, and the defendant named thereupon promised and agreed to pay the said plaintiffs the reasonable value of the said services performed prior to the month of April, 1902, to all of the persons thereinbefore mentioned, and for the reasonable value of the services to be thereafter rendered. There was here alleged a cause of action against the defendants composing the two firms of Simonson & Pachner and H. Lichtenstein & Sons upon an independent contract.

The sixth paragraph alleges that thereafter, and in and about the month of April, 1902, two defendants, composing the firm of Simon & Leidersdorf, desiring to become parties to the proposed incorporation and parties to and interested in the said matter, united with the parties mentioned in the fifth paragraph of the complaint, and retained and employed the plaintiffs to render and perform professional services as attorneys and counselors at law in and about the matter of the proposed corporation, and further alleged a promise to pay for the services thereafter rendered, and also for the services alleged to have been rendered by the plaintiffs under the retainers before alleged, and that these defendants also agreed to pay to the plaintiffs the reasonable value of the services rendered prior to the month of April, 1902. There was here alleged a cause of action based upon another contract by which two defendants also agreed to pay for the services performed or to be performed. And the seventh paragraph of the complaint alleged that thereafter, and in and about the month of May, 1902, two defendants, copartners under the name of Seff & Lauterstein, desiring to become parties to the said corporation, and parties to and interested in the said matter, united with the parties mentioned in the former paragraphs of the complaint and made with the plaintiffs the same contract as alleged in the fifth and sixth paragraphs of the complaint.

The eighth paragraph of the complaint alleges that in and about the month of July, 1902, two defendants, Bernard Lederer and William Lederer (the demurring defendants), desiring to become parties to the proposed corporation and parties to and interested in the said matter, united with the parties mentioned in the fifth, sixth and seventh para-

graphs of the complaint, and retained and employed the said plaintiffs to render and perform professional services as attorneys and counselors at law, and made with them the same contract as that alleged in the other paragraphs of the complaint. The complaint then alleged that the plaintiffs accepted the retainers mentioned in the fifth, sixth, seventh and eighth paragraphs of the complaint, and performed the services required from the month of April, 1902, to July 25, 1902, which services were worth the sum of $20,000, and seek to recover against all of the defendants jointly a judgment for that amount. The defendants Lederer demurred to this complaint, as improperly uniting several causes of action, and that demurrer was sustained.

It is quite clear that there were here at least four causes of action alleged, based upon separate and several contracts of employment. Each group of defendants who made a joint promise are responsible for the contract that they made, but the defendants who did not join in the contract made by such group are not responsible for that contract. Section 484 of the Code of Civil Procedure provides that, in order to unite several causes of action, it must appear upon the face of the complaint that all of the causes of action so united, except as otherwise prescribed by law, affect all the parties to the action. This question was presented in Goldmark v. Magnolia Metal Company, 30 App. Div. 580, 52 N. Y. Supp. 446. We think there is no doubt but that there were here alleged four separate causes of action based upon four independent contracts, and that all of the defendants were not affected by all of the causes of action alleged, and that therefore the demurrer was properly sustained. The plaintiff contends that the judgment is erroneous, because it requires him to divide this action into four separate actions, and does not give him leave to amend. Section 497 of the Code of Civil Procedure authorizes this judgment, and therefore it was not error.

The judgment should be affirmed, with costs, but, as the plaintiff now asks for leave to amend, such leave is granted, and plaintiff may amend the complaint within 20 days upon payment of costs in this court, and in the court below. All concur.

