MYERS et al. v. LEDERER et al.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. APPEAL—MANDATE AND PROCEEDINGS BELOW—COMPLIANCE WITH DIRECTIONS.

An interlocutory judgment was entered requiring plaintiffs to sever their action into four separate actions, with leave to serve a complaint in one of such actions. Upon appeal, the Appellate Division affirmed the interlocutory judgment, "with leave to plaintiffs to amend their complaint"; but, in entering the judgment of affirmance, the wording of the order of

the Appellate Division was not followed, an unauthorized clause being inserted, limiting the plaintiffs to amending their complaint as directed in the interlocutory judgment. *Held* that, where plaintiffs' amended complaint alleged a single cause of action against all the defendants, embracing all the causes of action in the former complaint, it was in compliance with the order of the Appellate Division, and defendants cannot object on the ground that it does not conform to the requirements of the interlocutory judgment.

**2. SAME.**

The unauthorized provision in a judgment of affirmance will be considered surplusage, although no motion was made to strike it out.

Appeal from Special Term, New York County.

Action by Emanuel J. Myers and others against Bernard Lederer and others. From an order denying plaintiffs' motion to compel defendants to accept their second amended complaint, plaintiffs appeal. Reversed.

See 101 N. Y. Supp. 1088, 117 App. Div. 27.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Morgan J. O'Brien, for appellants.
Leon Lauterstein, for respondents.

LAUGHLIN, J. The defendants Seff and Lauterstein demurred to the amended complaint herein, upon the ground that it appeared upon the face thereof that several causes of action had been improperly united. The court at Special Term sustained the demurrer, and the decision directed the entry of an interlocutory judgment requiring the plaintiffs to sever the action into four separate actions, the defendants in each respectively to be the parties named in the fifth, sixth, seventh, and eighth paragraphs of the complaint, respectively, "with leave to the plaintiffs to serve a complaint in one of such separate actions against the defendants Harris Seff and Isidor Lauterstein," and providing that, in the event of their failure to "serve an amended complaint in such separate action" against said defendants, final judgment might be entered dismissing the complaint as against them. An interlocutory judgment was entered in accordance with the decision. Upon appeal to this court, the decision of the Special Term was sustained. In the opinion of this court, however, it was pointed out that, although the severance of the action was authorized by section 497 of the Code of Civil Procedure, nevertheless the plaintiffs, being desirous of serving an amended complaint, should be granted that leave; and the order of this court, entered pursuant to the opinion, affirmed the interlocutory judgment, "with leave to the plaintiffs to amend the amended complaint within 20 days from the service of this order," on payment of costs. The plaintiffs availed themselves of this leave, and duly tendered the costs and a second amended complaint, in and by which they alleged a single cause of action against all of the defendants, embracing therein all of the causes of action included in the former complaint, without severing the action as directed by the interlocutory judgment.

Assuming the facts set forth in the last amended complaint to be true, it now appears that there is but a single cause of action upon which all of the defendants are liable; but as the facts were previously

alleged it was decided that four sets of the defendants were severally liable for part only of the entire claim. It is manifest that the plaintiffs were acting within their strict legal rights in thus amending their complaint. The certified copy of the order of this court, filed with a copy of the papers on appeal in the office of the county clerk pursuant to the requirements of section 1355 of the Code of Civil Procedure, followed the order of this court, and authorized the service of the amended complaint; but in entering the judgment of affirmance in the office of the county clerk upon said certified copy of the order of this court, the order was not followed and an unauthorized clause was inserted, limiting the plaintiffs, in amending their complaint, to amending it "as directed in said interlocutory judgment." The judgment purports to have been entered on the motion of the attorney for the respondents Seff and Lauterstein. Said section 1355 of the Code of Civil Procedure provides, with respect to the entry of the judgment in the office of the county clerk, after the certified copy of the order and the original record on the appeal have been filed in his office, that "upon such certified copy of the order and the case or papers upon which the appeal was heard, the county clerk shall enter the judgment in his office." It is the practice for the attorney for the successful party to prepare a formal judgment in accordance with the certified copy of the order of the Appellate Division deciding the appeal, and to file the same with the county clerk, to be annexed to the judgment roll to which the certified copy order of the Appellate Division and original record on appeal have been annexed and docketed, and doubtless this practice is contemplated and authorized by the provisions of said section of the Code of Civil Procedure, because it is essential in most cases to have the costs allowed by this court taxed by the county clerk, and, as the bill of costs does not constitute part of a judgment roll, in the absence of a formal judgment there would be no method of having the costs as taxed specified in the judgment roll. Sections 1237, 1354, 3262, Code Civ. Proc.

It is manifest, however, that the entry of the judgment is, so far as carrying into effect the provisions of the order of this court, with the exception of the allowance of costs which are required to be taxed, a mere formal matter, and there is no authority vested in the attorneys for either party, or in the county clerk, to change or modify the phraseology of the order which is the decision of this court. The entry of such a formal judgment is quite unlike the entry of a judgment which is authorized by a decision of the court on the trial of the issues without a jury. The Code of Civil Procedure provides that the decision of the court or referee on the trial of issues without a jury, must direct the judgment to be entered (Code Civ. Proc. § 1022); but there is no such requirement with respect to the decision on an appeal to the Appellate Division. Our orders do not expressly require that a judgment shall be entered, nor does the Code prescribe that they should. The provision of the order of this court, granting leave to the plaintiffs to serve an amended complaint, became effective without further action on the part of a ministerial officer. The unauthorized provision in the judgment must therefore be regarded as surplusage, and it was not essential

that a motion should have been made to strike it out before the plaintiffs became entitled to the benefit of the order of this court.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs.

PATTERSON, P. J., and CLARKE and SCOTT, JJ., concur.

INGRAHAM, J. (concurring). The permission granted by this court in the order affirming the interlocutory judgment allowing the plaintiffs to serve an amended complaint was in addition and supplemental to the permission awarded by the interlocutory judgment. The right given to the plaintiffs did not depend upon the interlocutory judgment, or any action of the court below or the clerk of that court. When, therefore, in pursuance of the authority given by the court, the plaintiffs served an amended complaint, the defendants were bound to accept it, and the court below bound to enforce the order of this court granting such leave. There is certainly no provision of the Code of Civil Procedure which authorizes the clerk of the Supreme Court, of his own motion, to deny to a party a leave or privilege which this court has granted to him.

I therefore concur in the reversal of the order and the granting of the motion.