PER CURIAM. It is conceded that the defendant, notwithstanding his fiduciary relation, acted in good faith in bidding in the real property of these plaintiffs sold at foreclosure sale, and no question is made that the money which he advanced to protect their interests should be repaid to him. The trial court was of opinion that interest could not be allowed to him on these advancements, because he took title in his own name and appropriated the rents to himself. Ordinarily this would be the rule, but under the peculiar circumstances of this case we think interest should have been allowed.

It is quite apparent that the plaintiffs would have lost the property at the foreclosure sale, and would have realized no surplus, had not the defendant advanced his own money and purchased the property. He made the mistake of taking the title in his own name, possibly to protect the money he had advanced; but he now makes no claim to it, and is ready to transfer it to his wards. We think an allowance of interest at the rate of 4 per cent. on the moneys advanced would be just and equitable. There is no reason why the surplus moneys on hand should not be immediately applied toward liquidation of defendant's claim. The provision of the judgment charging defendant with the legal rate of interest on rents received by him was proper, and is not appealed from.

The interlocutory judgment should be modified, by providing that defendant be allowed interest at the rate of 4 per cent. per annum on the moneys advanced by him, and by also providing that the surplus moneys be immediately applied toward liquidation of defendant's claim, and, as so modified, the judgment is affirmed, with disbursements only to appellant, to be deducted from his indebtedness for rents.

---

### HOLL et al. v. BUILDERS' CONST. CO.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

COSTS—PRINTING—UNNECESSARY RECORD ON APPEAL.

     On a motion by defendant, certain judgment rolls were used by plaintiff as a part of the opposing papers, and defendant, being defeated and desiring to appeal, requested plaintiff, pursuant to General Rules of Practice No. 34, to settle a "statement" respecting the same, to be printed in the appeal book, and on plaintiff's refusal defendant was compelled to print them in full, and they occupied 36 pages of the appeal book. They were not pertinent to the merits, except as showing their existence and the attitude of defendant respecting certain matters, and, so far as material, a statement thereof could have been prepared covering less than a page. *Held*, that the cost of printing the record would be imposed on plaintiff, to emphasize the court's disapproval of such practice.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 968–971.]

Appeal from Trial Term, New York County.

Action by John Holl and another against the Builders' Construction Company. From an order denying a motion to renew a motion to vacate a judgment against defendant, the latter appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Howard A. Sperry, for appellant.
Saul Bernstein, for respondents.

PER CURIAM.  On a motion made by defendant to renew a motion to vacate a judgment entered against it, judgment rolls in certain other actions were used as part of the opposing papers.  The defendant, being defeated and desiring to appeal, requested the plaintiffs, pursuant to the provisions of rule 34 of the General Rules of Practice, to settle a "statement" respecting the same to be printed in the appeal book.  This the plaintiffs refused to do, except upon certain conditions, and insisted upon their being printed in full.  The defendant thereupon moved the court to compel the making of such statement, which was refused.  These judgment rolls were not pertinent to the merits of the motion, except as they showed their existence and the attitude of the defendant respecting certain matters, and, so far as material to the question of the regularity of the judgment complained of, a statement could have been prepared covering less than a page.  The plaintiffs, nevertheless, compelled the defendant to print them in full, and they occupy 36 pages of the appeal book.

Ordinarily this court would not interfere in the manner of making up a record on appeal; but the practice of making voluminous records has become so general, and any attempt to condense the record seems to have been so completely abandoned, that we take this opportunity to reversing this order and imposing the costs of printing the record upon the plaintiffs, for the purpose of emphasizing our disapproval.  Voluminous records, as well as voluminous briefs, not only impose unnecessary work upon the court, but tend to confuse, rather than enlighten.  Often unnecessary and burdensome records are printed, when a short and concise statement would much better answer the purpose.  It is doubtless easier to deliver manuscript to a printer than to properly condense it; but attorneys should not shirk the burden which proper practice imposes upon them.

The order should be reversed, with $10 costs and disbursements to appellant.