defendant's negligence, evidence must be produced from which the cause of the accident can be determined with a fair and reasonable degree of certainty, and also that such cause was 'due to some negligent act, either of commission or omission, on the part of the defendant. Here the cause of the accident is not 'disclosed, nor is there anything to indicate in what respect the defendant failed to perform its duty or obligation to the plaintiff.

For these reasons, I dissent from the prevailing opinion, and vote to affirm the order without modification.

INGRAHAM, P. J., concurs.

===

## BULKLEY v. WHITING MFG. CO.

(Supreme Court, Appellate Division, First Department.   February 4, 1910.)

1. EVIDENCE (§ 43*)—JUDICIAL NOTICE—PREPARATION OF JUDGMENTS.

Courts will take judicial notice that, while the duty of preparing judgments devolves on the county clerk, they are usually prepared by the attorneys for the successful party.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

2. APPEAL AND ERROR (§ 1207*)—REMAND OF CAUSE—ENTRY OF JUDGMENT.

A judgment entered on a mandate of the Appellate Division in the office of the county clerk is nevertheless the judgment of the Appellate Division.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4696–4699; Dec. Dig. § 1207.*]

3. APPEAL AND ERROR (§ 1199*)—REMAND OF CAUSE—POWERS OF LOWER COURT—CORRECTION OF JUDGMENT.

The act of the county clerk in entering judgment being ministerial, and not discretionary, it is not essential that a motion to correct a judgment, entered on the mandate of the Appellate Division, should be made in that court; such motion being properly heard at Special Term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4674; Dec. Dig. § 1199.*]

4. APPEAL AND ERROR (§ 1199*)—REMAND OF CAUSE—POWERS OF LOWER COURT—AMENDMENT OF JUDGMENT.

Where a judgment and order denying a new trial was affirmed by the Appellate Division, but the judgment entered in the county clerk's office, purporting to be in accordance with the Appellate Division's order, did not show an affirmance of the order, or that any appeal had been taken therefrom, a motion to so amend the order as to supply such defects was properly granted at Special Term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4674–4676; Dec. Dig. § 1199.*]

5. APPEAL AND ERROR (§§ 391, 422*)—NOTICE AND BOND—AMENDMENT—JURISDICTION.

Code Civ. Proc. § 1303, provides that where the appellant seasonably and in good faith serves notice of appeal, either on the clerk or on the adverse party or his attorney, but omits, through mistake, inadvertence, or excusable neglect, to do any other act necessary to perfect the appeal or to stay the execution of the judgment or order appealed from, the court in or to which the appeal is taken, on proof by affidavit of the facts,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

may in its discretion permit the defects to be supplied. *Held*, that where, pending a motion to amend a judgment entered on an affirmance by the Appellate Division, so as to show that the order denying the motion for a new trial, as well as the judgment, was affirmed, defendant appealed to the Court of Appeals from the judgment as entered in order that his appeal might be taken in time, the Court of Appeals had exclusive jurisdiction of defendant's motion to amend the notice of appeal to that court, and for leave to file a new undertaking, so as to perfect an appeal from the amended judgment after the granting of the motion to amend.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2082, 2149; Dec. Dig. §§ 391, 422.*]

6. APPEAL AND ERROR (§§ 438, 439, 441*)—EFFECT OF APPEAL—JURISDICTION.

The court of original jurisdiction, notwithstanding an appeal to the Court of Appeals, retains jurisdiction of the cause for all purposes other than the determination of questions as to the sufficiency of the steps taken to perfect the appeal, or whether any further undertaking is required, as authorized by Code Civ. Proc. § 1308, and hence may entertain and grant a motion to vacate the judgment or order for a new trial, or to correct the record, and direct that a certified copy thereof be annexed to the appeal papers.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2196, 2197, 2202; Dec. Dig. §§ 438, 439, 441.*]

7. APPEAL AND ERROR (§ 422*)—NOTICE OF APPEAL—AMENDMENT.

An amendment of the notice of appeal cannot be allowed, even by the Court of Appeals, where the effect would be to allow an appeal where the time to take the same has expired, or to allow a notice of appeal from a judgment only to stand as a notice of appeal from an order denying a new trial, from which no appeal had been taken, and which at the time was not affected by the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2149; Dec. Dig. § 422.*]

Appeal from Special Term, New York County.

Action by Charles E. Bulkley against the Whiting Manufacturing Company. From a Special Term order granting defendant's motion to amend a notice of appeal to the Court of Appeals, and for leave to file and serve a new undertaking on appeal to that court, plaintiff appeals. Reversed, and motion denied.

See, also, 132 App. Div. 929, 117 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Francis E. Neagle (Ralph S. Rounds, on the brief), for appellant.
J. Noble Hayes, for respondent.

LAUGHLIN, J. On the trial of the issues in this action before the court and a jury, the plaintiff recovered, and defendant appealed from the order denying its motion for a new trial and from the judgment entered upon the verdict. After hearing the appeal, this court, by an order duly made on the 28th day of May, 1909 (132 App. Div. 929, 117 N. Y. Supp. 1130), affirmed the judgment and order. A certified copy of the order of affirmance, entered in the office of the clerk of this court, together with the original case upon which the appeal was heard, was duly transmitted, pursuant to the provisions of section 1355 of the Code of Civil Procedure, to the clerk of the county of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

New York, where the judgment and order from which the appeal was taken were entered. Thereafter, and on the 16th day of July, 1909, a judgment purporting to be in accordance with the order of this court, attested by the county clerk, was entered in the office of the county clerk, and it recites that it was on motion of the attorneys for the plaintiff. The judgment, however, was not in accordance with the order of this court, in that it failed to recite that an appeal had been taken from the order, as well as from the judgment, and that the order, as well as the judgment, was affirmed.

This court, in Myers v. Lederer, 119 App. Div. 332, 104 N. Y. Supp. 236, took occasion to observe that the entry of a judgment in the office of the county clerk, to carry into effect an order of this court made on appeal, is a ministerial act, and with the exception of taxing the costs and disbursements, for which a recovery is allowed by the order, the county clerk has no authority to construe an order of this court or to in any manner modify or change it, and that it is his duty to enter the judgment in exact accordance therewith. As we said in that case, while the duty devolves upon the county clerk, we may take judicial notice of the fact that according to the practice the judgments are usually prepared by the attorneys for the successful party. The judgment, although entered in the office of the clerk of the county, is nevertheless the judgment of this court, for that is the judgment from which any appeal to the Court of Appeals must be taken. The act of the clerk, however, being ministerial, he having no discretion in the matter, it is not essential that a motion to correct such a judgment should be made to this court, and the convenience of all persons concerned is doubtless best subserved by having such motions heard at Special Term, as has been the practice.

The defendant moved at Special Term for an order directing that the judgment be amended in accordance with the order of this court. Pending the decision of that motion, the defendant, deeming that its time to appeal to the Court of Appeals would expire, owing to the amendment of section 1325 of the Code of Civil Procedure by chapter 418 of the Laws of 1909, by which the time to appeal to that court from a judgment was changed from one year to 60 days, the same as an order, duly filed and served a notice of appeal and undertaking on appeal on the 13th day of September, 1909. The motion to amend the judgment was granted on the 24th day of September, 1909. The defendant then moved at Special Term for leave to amend its notice of appeal to the Court of Appeals, by reciting that the appeal was from the judgment as amended by said order, and by reciting that this court affirmed the order as well as the judgment, and also for leave to serve a new undertaking on appeal to the Court of Appeals. That motion was granted. We are of opinion that the court properly ordered that the judgment be amended to conform to the order of this court; but we think the court at Special Term was without jurisdiction to amend the notice of appeal to the Court of Appeals, or to allow the defendant to file a further undertaking.

The appeal to the Court of Appeals from the judgment as originally entered was perfected by filing and serving the notice of appeal

and undertaking. Code Civ. Proc. § 1326. Section 1303 of the Code of Civil Procedure, construed literally, would seem to confer authority upon the court from which, as well as the court to which, the appeal is taken, to relieve a party who has seasonably and in good faith served or filed a notice of appeal, but has omitted, through mistake, inadvertence, or excusable neglect, to complete the service of it, "or to do any other act, necessary to perfect the appeal or to stay the execution of the judgment or order appealed from," and such was formerly the practice (Parker v. McCunn, 9 Wkly. Dig. 245; Mott v. Lansing, 5 Lans. 516, said to have been affirmed. See Lavalle v. Skelly, 90 N. Y. 546); but thereunder, and under the corresponding provisions of the Code of Procedure, the construction of the section by the Court of Appeals appears to be that the authority is conferred only upon the court of review in which the appeal is to be heard. In Nelson, as Ex'r, v. Tenney, 113 N. Y. 616, 20 N. E. 875, where notice of appeal to the Court of Appeals had been duly and timely served and filed, but the appellant failed to file an undertaking, and on motion at Special Term he was given leave to file an undertaking to perfect his appeal nunc pro tunc, the Court of Appeals held that the Special Term had no power to grant the relief, and a motion to strike the cause from the calendar of the Court of Appeals was granted, upon the ground that a satisfactory excuse for the failure of the appellant to serve and file an undertaking had not been presented in that court. Without expressly referring to that case, but in accordance with and evidently following the ruling therein, this court in Guilfoyle v. Pierce, 22 App. Div. 131, 47 N. Y. Supp. 899, reversed an order staying proceedings pending an appeal to the Court of Appeals and granting leave to the appellant to perfect his appeal by filing an undertaking which he had omitted to do. The Court of Appeals itself, prior to that time, had refused to dismiss appeals where no undertaking had been filed or served, provided the appellant should perfect the appeal by filing an undertaking within a time specified, although it was declared by the court that the appeal without the undertaking was ineffective for any purpose. Architectural Iron Works v. City of Brooklyn, 85 N. Y. 652; Reese v. Boese, as Rec., 92 N. Y. 632.

After an appeal to the Court of Appeals has been perfected, that court reserves to itself the exclusive jurisdiction to decide whether it will hear or dismiss the appeal, and to decide any question relating to the appeal or its determination, including, as I understand its decisions, any question with respect to the sufficiency of the steps to perfect the appeal or as to whether any further undertaking should be required by virtue of the provisions of section 1308 of the Code of Civil Procedure; but the Court of Appeals concedes that the court of original jurisdiction retains jurisdiction of the cause for all other purposes, and, pending an appeal to the Court of Appeals, may entertain and grant a motion to vacate the judgment and order a new trial, or to correct the record and direct that a certified copy thereof be annexed to the appeal papers. Of course, it would be for the Court of Appeals to decide whether the correction so changed the record that the appeal should be heard, and may enforce the duties and obligations

owing by attorneys to their clients.   Parke v. Murray et al., 109 N. Y. 646, 16 N. E. 485; Peterson v. Swan, 119 N. Y. 662, 23 N. E. 1004; Henry v. Allen, 147 N. Y. 346, 41 N. E. 694; People ex rel. Hoffman v. Board of Education, 141 N. Y. 86, 35 N. E. 1087; Howey v. L. S. & M. S. R. R. Co., 15 Misc. Rep. 526, 37 N. Y. Supp. 88.

There is another objection to the order in so far as it amends the notice of appeal and allows a further undertaking to be filed, and that is that such an amendment cannot be allowed, even by the Court of Appeals, where the effect would be to allow an appeal to be heard where the time to take the appeal has expired and the effect of the order in question would be to allow the notice of appeal, which was from a judgment only, to stand as a notice of appeal from an order from which no appeal had been taken, and which at the time was not affected by the judgment.   Lavalle v. Skelly, 90 N. Y. 546; Parker v. McCunn, supra; Mott v. Lansing, supra; Biggert v. Nichols, 18 Misc. Rep. 596, 42 N. Y. Supp. 472; Fry v. Bennett, 16 How. Prac. 385.

While it is not the province of this court to decide what relief, if any, the defendant may be entitled to in the Court of Appeals, either with respect to the notice of appeal originally filed and served or otherwise, it may, without impropriety, I think, be observed that it would seem that the defendant would have a right to appeal from the judgment as amended to conform to the order of this court, and that his time to appeal therefrom would not begin to run until he was duly served therewith, so as to limit his time as if the original erroneous judgment has not been entered, and that, if necessary, he may obtain leave to withdraw the first appeal taken from the judgment as originally entered.   We do not deem it necessary to express any opinion on the question as to whether the defendant was required to appeal from the judgment as originally entered, in order to prevent the time for taking such appeal from running, or as to whether an appeal to the Court of Appeals in so far as it is from the order denying the motion for a new trial will be of any avail to him.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   All concur.