of the notices could be dispensed with." The trial proceeded upon that theory. No objection was made upon the trial that such notice had not been given or shown. The question cannot now be raised. The motion for a reargument is denied.

---

Cecil A. COGHLAN, Respt., v. Maude E. BEACH et al., Applts. (Supreme Court, Appellate Division, First Department. March 24, 1916.) Judgment affirmed, with costs. No opinion. Order filed.

---

Rose M. COLLIGAN, as administratrix, etc., of James H. Colligan, deceased, respondent, v. The CITY OF NEW YORK, appellant. (Supreme Court, Appellate Division, Second Department. March 10, 1916.) Judgment (83 Misc. Rep. 573, 144 N. Y. Supp. 1049) modified, by deducting the amount of the extra allowance, and, as modified, it and the order denying the motion for a new trial are affirmed, without costs. Order granting extra allowance reversed, and motion denied. Jenks, P. J., and Stapleton, Mills, Rich, and, Putnam, JJ., concur.

---

George CONSTANTIN v. CONSOLIDATED GAS CO. (Supreme Court, Appellate Division, First Department. March 24, 1916.) Application granted. Order signed.

---

In the Matter of the application of James A. CORWIN et al., to be relieved of liability, etc., as sureties on the bond of Francis F. Reeve and Samuel L'Hommedieu, as general guardians, etc. (Supreme Court, Appellate Division, Second Department. February 4, 1916.) Order of the Surrogate's Court of Suffolk County affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Thomas, Stapleton, and Mills, JJ., concur.

---

George COUNES v. Charles CRANIDES et al. (Supreme Court, Appellate Division, First Department. March 24, 1916.) Motion denied, with $10 costs. Order filed.

---

Amelia J. COURT v. The BANKERS' TRUST CO., as Trustee, etc., Respt. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Order affirmed, with $10 costs and disbursements, with leave to plaintiff to serve a further amended complaint on payment of costs. No opinion. Order filed.

---

Amelia J. COURT v. The BANKERS' TRUST CO. (Supreme Court, Appellate Division, First Department. March 24, 1916.) Motion granted; question certified as stated in order. Order filed.

---

Elmer S. COWEN, respt., v. Patrick McGOVERN and Charles L. Perrin, as copartners, etc., applts. (Supreme Court, Appellate Division, Third Department. March 8, 1916.) Judgment and order unanimously affirmed, with costs.

---

In the Matter of the Application of Ethel A. COX, as administratrix, etc.; William J. Cody, appellant. (Supreme Court, Appellate Division,

Second Department. March 24, 1916.) Motion denied for lack of power, without costs. See Parks v. Murray, 109 N. Y. 646, 16 N. E. 485.

---

Guiseppe CRAPRIZZIO, Applt., v. CENTRAL NEW ENGLAND RY. CO., Respt. (Supreme Court, Appellate Division, First Department. February 4, 1916.) Judgment affirmed, with costs. No opinion. (Dowling, J., dissenting.) Order filed.

---

CRYSTALLGLASS & SYPHON BOTTLE MFG. CO., etc., v. FAERBER SILBERMAN & CO. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Motion denied, with $10 costs. Order filed.

---

Minnie DAHL, respondent, v. Samuel LEVENBERG, appellant. (Supreme Court, Appellate Division, Second Department. March 3, 1916.) Motion to resettle order granted to the extent of limiting to 20 days the time within which plaintiff is to pay the costs below as a condition of pleading over. In the event such costs are not paid within the time so limited, defendant shall have final judgment dismissing the complaint. In other respects, motion denied, without costs.

---

John D. DAILEY et al., Respondents, v. The CITY OF NEW YORK et al., Appellants. (Supreme Court, Appellate Division, First Department, February 18, 1916.) Appeal from Special Term, New York County. See, also, 86 Misc. Rep. 86, 149 N. Y. Supp. 109; 170 App. Div. 267, 156 N. Y. Supp. 124.

PER CURIAM. The judgment should be modified, so as to provide as follows: Ordered, adjudged and decreed that the defendant the city of New York, and the defendant John T. Fetherston, commissioner of street cleaning, and each of them, and their and each of their attorneys, agents, servants and employés, be and they are hereby enjoined and restrained during the continuance and life of the contract of the plaintiffs with the city of New York of August 12, 1913, for the final disposition by the plaintiffs of the ashes, street sweepings and rubbish that may be collected by the defendant the city of New York, in the boroughs of Manhattan and the Bronx, from delivering, dumping or depositing upon the scows or other transporting conveyances of the plaintiffs, material other than "ashes, street sweepings and rubbish," as those words are specifically defined in the said contract between the plaintiffs and the city of New York, which is collected from the department stores, factories, business establishments and buildings, no portions of which are used as dwellings or residences by others than caretakers, janitors or watchmen in the employ of those conducting the business, in the borough of Manhattan, city of New York, either by carts of the defendant or by the owners of private vehicles under special permits, issued by the defendant the city of New York, and the defendant John T. Fetherston, its commissioner of street cleaning; and it is further ordered, adjudged and decreed that the complaint herein, so far as it demands injunctive relief against the defendants under subdivisions B, C and D in