In the Matter of the Probate of the Paper Propounded as the Last Will and Testament of EMMA B. JOHNSON, Deceased. NORMA DARE OWEN and GEORGE R. DARE, Appellants; NORMAN W. ROE, INDUSTRIAL HOME FOR THE BLIND, THE LONG ISLAND COLLEGE HOSPITAL OF BROOKLYN, SAINT FAITH'S HOUSE, GEORGE HENRY PAYNE, Respondents.— In a contested proceeding for the probate of the last will and testament of the decedent, an issue relating to her place of residence at the time of her death was tried separately and preliminarily before the Surrogate's Court. An order was made determining that such residence was the county of Suffolk. From that order contestants appealed and served a case on appeal to which the proponent served proposed amendments, all of which were allowed by order duly entered. From so much of that order as allows the objections and proposed amendments numbered 1, 3, 4, 37 and 38 of the proponent to the proposed case on appeal, contestants appeal. Order of the Surrogate's Court of Suffolk county, in so far as appealed from, reversed on the law, with ten dollars costs and disbursements to the appellants, payable from the estate, proposed amendments 1, 3 and 4 disallowed, and motion to that extent denied, without costs. As to proposed amendments 37 and 38, the matter is remitted to the Surrogate's Court of Suffolk county with instructions to settle the form in which the exhibits mentioned in proposed amendments numbered 37 and 38 shall appear

in case on appeal. As to proposed amendments 1, 3 and 4 allowed by the surrogate, his ruling in effect dismissed the contestants' appeal from the intermediate order denying in part a motion of the contestants for commissions to take the testimony of witnesses. This was in excess of the jurisdiction of the surrogate. The power to dismiss an appeal is resident exclusively in the appellate court. (*O'Shaughnessy* v. *Spaulding*, 161 N. Y. Supp. 348 [not officially published]; *Spindler* v. *Gibson*, 72 App. Div. 150; *Howey* v. *Lake Shore & M. S. R. Co.*, 15 Misc. 526.) As to proposed amendments 37 and 38, it is the function of the court below to determine in the first instance as to each exhibit mentioned therein the exact form in which it should appear in the case on appeal, in accordance with the relevant statute and rule (Civ. Prac. Act, § 616; Rules Civ. Prac. rule 232), and as suggested by authority. (*Holl* v. *Builders Construction Co.*, 127 App. Div. 727; and *vide Boylan* v. *Southern Pacific Company*, 253 id. 195.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur. Settle order on notice. [See *ante*, p. 747.]