1841.

Germain
v.
Beach.

GERMAIN *vs*. BEACH and others.

Where upon receipt of notice of motion to dismiss a bill for want of prosecu-
tion, the solicitor for the complainant furnishes to the adverse party satis-
factory evidence that the neglect to proceed to put the cause in readiness
to take testimony arose from accident or mistake, and offers to pay the
costs which had accrued upon the notice previous to such offer, and shows
that the cause is then in readiness to take testimony, and the defendant's
solicitor refuses to withdraw his application, the court will deny the motion
and not allow the applicant any costs.

When defendants have appeared by different solicitors and some of them
have suffered the bill to be taken as confessed, the complainant's solicitor
when he gives notice that the cause is in readiness to take testimony, as
directed by the 67th rule of the court of chancery, is not required to state
in such notice the names of the solicitors of those defendants as to whom
the bill has been taken as confessed.

July 20.    THIS was an application by the defendant Beach to dis-
miss the complainant's bill for want of prosecution. The
facts are sufficiently stated in the opinion of the court.

*R. Germain*, for the complainant.

*M. Sanford*, for the defendant Beach.

THE CHANCELLOR. The complainant's solicitor sufficient-
ly accounts for the delay, by showing that he mistook the
practice. He supposed that his first service upon the so-
licitor, by putting the bill in the post office and paying the
postage thereon, was not regular. In consequence of this
mistake, he went through the process of serving the bill,
and the notice to answer, a second time. When there-
fore the affidavit and other papers were afterwards shown
to the defendant's solicitor, apprising him of the mistake,
and containing the information that the cause was then in
readiness to take testimony, accompanied with an offer to
pay the costs of the motion up to that time, such offer
should have been accepted; instead of putting the com-

1841.

Germain
v.
Beach.

plainant to the extra expense of coming here to resist this application.

The technical objection, that the name of the solicitor for the other defendants, who had suffered the bill to be taken as confessed, was not stated in the notice, is not well taken. The object of the provision in the 67th rule, requiring the names of the solicitors for the other defendants to be given, was to enable the party upon whom such notice should be served to give to the solicitors of his co-defendants notice of the application for an issue, if he wished to make such an application. It is not necessary, therefore, to give the names of the solicitors of the defendants' against whom the bill has been taken as confessed, and who have no right to notice of the application for an issue. Here the affidavit, which was shown to the solicitor of Beach at the time of service of this notice that the cause was in readiness for hearing, stated that the bill was taken as confessed against all the other defendants. Beach therefore had no interest in knowing who were their solicitors.

As the complainant has been put to the expense of coming here to resist this motion, after he had done all that could be reasonably required under the circumstances, his costs in opposition to the application are an equitable offset against the costs which he offered to pay ; and which offer was not accepted. The motion to dismiss is therefore denied, without costs to either party.