JAMES D. MOTT, Appellant, *v.* GILBERT V. LANSING, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

The Supreme Court may allow an amendment to a notice of appeal to the Court of Appeals from an order granting a new trial, where the time for appealing has expired, by inserting therein, *nunc pro tunc*, an assent that "if the order be affirmed judgment absolute may be rendered against the appellant" (Code, § 11, sub. 2), where the notice has been given in good faith and the omission was through mistake.

THE plaintiff obtained a verdict in this action, which, on motion of the defendant upon a bill of exceptions, this court at a General Term set aside, and granted a new trial in the action, costs to abide the event.

The plaintiff filed an undertaking and notice of appeal from the order, granting a new trial, to the Court of Appeals, and served the same on the defendant's attorney. But by mistake the plaintiff's attorney omitted to insert in the notice of appeal "an assent on the part of the appellant that if the order be affirmed, judgment absolute shall be rendered against the appellant." (See Code, § 11, sub. 2.)

The plaintiff made a motion at the Rensselaer Special Term, in January, 1872, for leave to amend his notice of appeal by inserting therein the above mentioned assent, required by section 11 of the Code, and allowing the plaintiff to file such amended notice, *nunc pro tunc*, as of the time of filing the original notice of appeal.

That motion was denied with ten dollars costs, "upon the ground that the court has not the power to grant such amendment, as it would in effect enlarge or extend the time of appeal."

The plaintiff appealed from the order denying such motion to the General Term of this court.

*E. F. Bullard*, for the appellant.

*J. W. Hill*, for the respondents.

Present—MILLER, P. J., POTTER and BALCOM, JJ.

Mott *v.* Lansing.

By the Court—BALCOM, J.   It is provided by subdivision 2 of section 11 of the Code, that "no appeal to the Court of Appeals, from an order granting a new trial on a case made, or bill of exceptions, shall be effectual for any purpose, unless the notice of appeal contain an assent on the part of the appellant, that, if the order be affirmed, judgment absolute shall be rendered against the appellant." It is also provided by section 327 of the Code, "When a party shall give, in good faith, notice of appeal from a judgment or order, and shall omit, through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the court may permit an amendment on such terms as may be just." And by section 174 of the Code, acts may be allowed to be done after the time limited by the Code ; and the court "may supply an omission in any proceeding ; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code, the court may, in like manner and upon like terms, permit an amendment of such proceeding, so as to make it conformable thereto."

The affidavits on the part of the plaintiff show that the notice of appeal was given in good faith, and that the omission therein was through mistake.

In *Sherman* v. *Wells* (14 How. Pr. Rep., 522), this court, at a General Term in New York city, held, if a party has appealed in time and given an informal notice of it, the court may allow him to amend his notice, *nunc pro tunc*." (See *Wood* v. *Kelly*, 2 Hilton's Reps., 334.)

We are aware of the decisions that no amendment can be allowed to a notice of appeal, the effect of which is to extend the time of giving such notice ; but we are of the opinion that we shall not extend the time for giving notice of appeal, in this case, by allowing the plaintiff to amend his notice of appeal. That notice was given within the time limited by the Code for appealing in such a case. Now, by allowing the plaintiff to amend it, we shall only permit him to supply an omission in it, or do an act which he omitted to do through mistake, to make his appeal perfect and effectual.

Mott *v.* Lansing.

If we do this, it will be in accordance with the spirit and meaning of sections 174 and 327 of the Code; and, in our judgment, it will be in furtherance of justice and in conformity with numerous decisions of this court and of the Court of Appeals, allowing amendments and supplying omissions in pleadings and proceedings in different actions.

The justice at the Special Term did not exercise any discretion in refusing to allow the amendment proposed by the plaintiff; but denied the motion for leave to amend the notice "upon the ground that the court has not the power to grant such amendment, as (in his opinion) it would in effect enlarge or extend the time of appeal."

Now, as he erred in refusing to exercise any discretion on the question, and did not refuse to allow the proposed amendment on the ground that its allowance would not be in furtherance of justice, an appeal lies from his decision to the General Term of this court.

For these reasons the order appealed from should be reversed, and the plaintiff's motion should be granted, allowing him to amend his notice of appeal, *nunc pro tunc*, in conformity with his notice of motion for leave to amend it. But, as the plaintiff is asking for a favor resting in the discretion of the court, he should pay ten dollars costs of his motion at the Special Term of the court.

Ordered accordingly