EUGENE L. WALDO et al., Doing Business under the Firm
Name of WALDO & McKELVEY, Respondents, *v.* FEDOR .
SCHMIDT, Individually and as Surviving Partner of the
Firm of REMY, SCHMIDT & PLEISSNER, Appellant.

Appeal — motion to amend notice of appeal from Appellate Divi-
sion to Court of Appeals cannot be made at Special Term —
motion should be made to this court or to the Appellate Divi-
sion — power of Court of Appeals to supply omissions or cure
defects in notice of appeal.

A motion for leave to amend a notice of an appeal taken to the Court of
Appeals from an order or judgment of the Appellate Division cannot
be made at Special Term, but must be made to the Appellate Division,
where the moving party elects to address his motion to the Supreme
Court instead of the Court of Appeals. The statute has lodged the
power of amendment in either the Appellate Division or this court. It
is not concurrent, but alternative, and only when one court has acted
does it exclude the other.
While this court cannot make a new notice of appeal, it has authority to
supply omissions and cure defects which occur through mistakes, inad-
vertence or excusable neglect where an appellant has seasonably and in
good faith served his notice of appeal.
*Held*, that the appellant may amend his notice by adding to the description
of the interlocutory judgment which he seeks to review a reference to
the fact that it was affirmed by the Appellate Division.
*Waldo* v. *Schmidt*, 139 App. Div. 589, affirmed.

(Argued November 18, 1910; decided December 13, 1910.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered July 8, 1910, which reversed an order of
Special Term granting a motion for leave to amend a notice
of appeal to the Court of Appeals; also an original motion
for leave to amend such notice of appeal.

The facts, so far as material, and the question certified are
stated in the opinion.

*Martin L. Stover* for appellant. Where the original
notice of appeal contained words to which no effect can be

given without an amendment, if the original words were sufficient to indicate to respondent the intention of appellant so that the respondent is not lulled into a false reliance upon the judgment of the lower court, but on the contrary is put on his guard that appellant intends to overthrow the same, in such case appellant is entitled to an amendment of his notice of appeal. (*Stuyvesant* v. *Weil*, 167 N. Y. 421; *Carpenter* v. *Hawes*, 199 N. Y. 553; *Sherman* v. *Wells*, 14 How. Pr. 522; *Mott* v. *Lansing*, 5 Lans. 516; *Seymour* v. *Hughes*, 55 Misc. Rep. 248; *K. L. Ins. Co.* v. *Pendleton*, 115 U. S. 339; *Clapp* v. *Sternglanz*, 23 Misc. Rep. 641.) The application was properly made to the Special Term, and the Appellate Division erred in holding that it should have been made to the Appellate Division rather than to the Special Term. (Code Civ. Pro. § 1303; *Nelson* v. *Tenney*, 113 N. Y. 616; *Mott* v. *Lansing*, 5 Lans. 516.)

*Clarence De Witt Rogers* for respondents. The time to appeal from the judgment affirming the final judgment and consequently from all interlocutory judgments preceding the same having long since expired, the Supreme Court had no power to grant the order reversed by the Appellate Division, for it in effect extended the time to appeal and was in violation of section 784 of the Code of Civil Procedure. (*Hoffman* v. *M. Ry. Co.*, 149 N. Y. 599; *Fejdowski* v. *D. & H. C. Co.*, 168 N. Y. 500; *G. T. & S. D. Co.* v. *P., R. & N. E. R. R. Co.*, 160 N. Y. 1; *Hall* v. *City of New York*, 79 App. Div. 102; *Bryant* v. *Bryant*, 4 Abb. [N. S.] 138; *Piper* v. *Van Buren*, 27 Hun, 384; *Buckley* v. *W. Mfg. Co.*, 136 App. Div. 479; *Clapp* v. *Hawley*, 97 N. Y. 610; *Lavalle* v. *Skelly*, 90 N. Y. 546; *Fry* v. *Bennett*, 16 How. Pr. 385.) The time to appeal having expired no court now has the power to grant this motion, for the order now sought would in effect extend the time to appeal and this is expressly forbidden by section 784 of the Code of Civil Procedure. (*Hoffman* v. *M. Ry. Co.*, 149 N. Y. 599.) The mention of the Special Term interlocutory judgment in the present

notice of appeal is not sufficient ground for granting the order sought by defendant. (*Hoffman* v. *M. Ry. Co.*, 150 N. Y. 542.)

WERNER, J.    The Supreme Court at Special Term granted to the above-named appellant an order giving him leave to amend his notice of appeal. From that order the present respondents appealed to the Appellate Division where the order was reversed upon two grounds. 1. That the court at Special Term had no power to allow the amendment. 2. That the amendment was one which had the effect of extending the appellant's time to appeal, and, therefore, should not have been granted.    After making its decision the Appellate Division granted to the appellant leave to appeal to this court and certified the following question of law: "Did the Supreme Court at Special Term have power to make the order herein dated April 26, 1910, amending a notice of appeal to the Court of Appeals from an order of the Appellate Division of the Supreme Court?"

Since our power of review is limited to a categorical answer to the question certified (*Devlin* v. *Hinman*, 161 N. Y. 115 ; *Davis* v. *Cornue*, 151 N. Y. 172; *Grannan* v. *Westchester Racing Assn.*, 153 N. Y. 449), our discussion would ordinarily be confined to the considerations germane to that question and no other ; but the appellant has submitted to us an original motion for leave to amend his notice of appeal which he asks us to grant if his appeal proves unsuccessful, and for the convenience of all concerned we shall consider in one opinion the appeal from the order referred to as well as the original motion.

The question which arises upon the appeal is whether a motion for leave to amend a notice of an appeal taken to the Court of Appeals from an order or judgment of the Appellate Division, *may* be made at Special Term or *must* be made to the Appellate Division, where the moving party elects to address his motion to the Supreme Court instead of the Court of Appeals.    The Code of Civil Procedure (Sec. 1303)

directs that such a motion must be to "*the court, in or to which the appeal is taken*," and we are to decide whether the words "the court in" refer only to the Appellate Division or to the Supreme Court in its entirety. The appellant contends that there is only one Supreme Court, of which the Special Term is as much a part as the Appellate Division; that when an appeal is taken to the Court of Appeals from an order or judgment of the Appellate Division, it is an appeal from the Supreme Court, and that when a motion is made at Special Term to amend the notice of such an appeal, it is made *in* the court from which the appeal is taken. The premise of this argument is theoretically sound, but its conclusion is not so, for it ignores several practical considerations of controlling influence. There is but one Supreme Court, it is true, but it is divided by the Constitution, the statutes and the rules of practice into two distinct parts. The Trial and Special Terms comprise one part, vested with the general original jurisdiction in law and equity formerly possessed and exercised by the Supreme Court of the colony of New York and by the Court of Chancery in England, subject to the exceptions, additions and limitations created by the Constitution and laws of the state. (Code Civ. Pro. sec. 217.) The Appellate Division forms another and distinct part of the same court. It is created by the Constitution (Art. 6, sec. 2) for the express purpose of exercising appellate jurisdiction in matters arising in the Trial and Special Terms of the Supreme Court and in inferior courts. The Appellate Division is given original jurisdiction in a very few matters, of which the most conspicuous illustration is the right to hear and determine real controversies upon submission (Code Civ. Pro. sec. 1281), but its chief function is to exercise appellate jurisdiction, which is designed to be final in certain specified cases and intermediate in many more. It is obvious, therefore, that while there is but one Supreme Court in theory and in fact, it is divided into separate parts, which exercise distinct and dissimilar functions. For convenience and brevity these parts are spoken of both colloquially and in the statutes as courts,

and such they are in fact, although all included under the generic title of the Supreme Court. The Trial and Special Terms have many powers and duties which are not possessed by or imposed upon the Appellate Division, and which the former may exercise even after an appeal has been taken to the latter or to this court. A few familiar instances will suffice to illustrate this phase of the court's original and continuing jurisdiction. The pendency of an appeal to the Appellate Division, or to this court, is not a bar to a motion for a new trial at Special Term. (*Henry* v. *Allen*, 147 N. Y. 346.) Substituted attorneys may move at Special Term for the delivery to them of papers in the action after an appeal has been taken. (*People ex rel. Hoffman* v. *Board of Education, N. Y. City*, 141 N. Y. 86.) And the same rule is followed in cases where, for one reason or another, the record as made in the court of original jurisdiction has to be amended for use in the appellate courts. (*Peterson* v. *Swan*, 119 N. Y. 662.) There are other proceedings, notices and orders, however, in which we find the exact antithesis of this general condition. Some records of the Appellate Division relate so exclusively to its own peculiar jurisdiction as to preclude the possibility of interference therewith by other courts. If this were not so, that court could not perform its functions with any degree of order or independence. It is a truism which has become axiomatic that all courts of record must have control of all proceedings which relate solely to their own orders and judgments. In the light of these suggestions it is obvious that a notice of appeal to this court from an order or judgment of the Appellate Division is a proceeding in the action with which the Special Term has no concern. An application to amend such a notice, if addressed to the Supreme Court, must be made to the Appellate Division, for that is the court *in* which the appeal is taken. There is no such thing as an appeal to this court from an order or judgment of the Special Term or Trial Term, except (1) in the case of a final judgment at Special Term after the affirmance of an interlocutory judgment by the Appellate Division,

or the refusal by the latter court of an application for a new trial made to it in the first instance, or upon appeal from an order of the Special Term denying such an application pursuant to the provisions of section 1336 of the Code of Civil Procedure; (2) in capital cases in which the statute (Code Crim. Pro. sec. 617) provides that appeals shall be taken directly from the courts of first instance to this court. In all other cases appeals to this court can only be taken from actual determinations made by the Appellate Division. (Code Civ. Pro. sec. 190.) The statutes provide that a notice of such an appeal may, under specified circumstances, be amended by the court "in or to which" the appeal is taken. (Code Civ. Pro. sec. 1303.) This power of amendment is distinctly limited to two courts, and the limitation necessarily excludes any other. As applied to the case at bar, these two courts are the Appellate Division, *in* which the appeal was taken, and the Court of Appeals, *to* which the appeal was taken.

The appellant cites *Mott* v. *Lansing* (5 Lans. 516) as an authority holding that the court at Special Term has power to amend a notice of an appeal taken from the Appellate Division to this court, and our attention is directed to the fact that in that case the order of the General Term is said (in *Lavalle* v. *Skelly*, 90 N. Y. 548) to have been affirmed in this court. We have been unable to find any such record of *Mott* v. *Lansing* in this court. In that case the General Term, in the third department, reversed an order of the Special Term denying, for want of power, a motion to amend a notice of appeal to this court by inserting therein a stipulation for judgment absolute. The General Term seems to have assumed that the Special Term had power to grant the amendment, for it is not discussed in the brief opinion handed down. In the later case of *Bulkley* v. *Whiting Mfg. Co.* (136 App. Div. 479) the Appellate Division, in the first department, held that the Special Term had no such power. In that case the defendant procured an order at Special Term amending its notice of appeal to this court, pending the decision of a motion at Special Term to amend the judgment so as to conform

it to the order of the Appellate Division. It was decided that a judgment entered upon an order of the Appellate Division was a judgment of that court, but that the act of the clerk in entering the same being purely ministerial, it was not essential that a motion to correct it should be made in the Appellate Division, and might properly be made at Special Term. A contrary conclusion was reached, however, as to the power to amend the notice of appeal, for it was distinctly held that the Special Term had no jurisdiction. To that extent we approve of the decision; but it goes a step further, and holds that this court alone has power to amend a notice of appeal from an order or judgment of the Appellate Division. That is incorrect. The statute has lodged the power in either court. It is not concurrent, but alternative, and only when one court has acted does it exclude the other.

For these reasons we conclude that the Special Term had not the power which it assumed to exercise; that the order appealed from must be affirmed, with costs, and that the question certified to us must be answered in the negative.

The question involved in the original motion now made to this court to amend the notice of appeal is whether the amendment, if granted, will so change the notice as to extend the appellant's time to appeal beyond the period limited by the statute. We cannot make a new notice of appeal, but we have authority to supply omissions and cure defects which occur through mistake, inadvertence or excusable neglect where an appellant has seasonably and in good faith served his notice of appeal. A few recitals from the record will focus the discussion upon the precise point at issue.

The action is in equity to set aside an account stated and the settlement made in accordance therewith, and to reopen and restate the accounts between the parties. At Special Term the court, upon the report of a referee, rendered an interlocutory judgment in favor of the plaintiff. The defendant took an appeal to the Appellate Division where the interlocutory judgment was affirmed. The case was returned to the referee upon whose report a final judgment was entered.

An appeal from that judgment was taken to the Appellate Division which also resulted in an affirmance. From the affirmance of that final judgment the defendant seasonably took an appeal to this court, and in his notice of appeal he announced his intention "to bring up for review the interlocutory judgment and every part thereof made in this action" and correctly identified the interlocutory judgment by the date of entry. In March, 1910, the respondent made a motion in this court to dismiss the appeal in so far as it related to the interlocutory judgment, because the notice of appeal did not specify the appellant's intention to appeal from the judgment of the Appellate Division affirming the interlocutory judgment of the Special Term. The motion to dismiss was denied, but the court held that the appellant's notice was defective because it did not specify the appellant's intention to bring up for review the judgment of the Appellate Division affirming the interlocutory judgment. (198 N. Y. 194.) The omission there pointed out the appellant now seeks to have supplied by amendment.

The appellant, by making this motion to amend, concedes the mistake in his practice. Quite apart from that, however, the question is settled beyond dispute by the unequivocal language of the statutes and the decisions of this court. The Code of Civil Procedure (Sec. 1350) provides that upon an appeal to this court from a final judgment in the Appellate Division, the affirmance of an interlocutory judgment in the action may be reviewed at the election of either party, and this election, if made by the appellant, must be manifested by a distinct specification of the interlocutory judgment to be reviewed. (Code Civ. Pro. sec. 1301.) The correct practice in that regard is so clearly and succinctly set forth in the opinion written by Judge HAIGHT upon the decision of the motion to dismiss the appeal (198 N. Y. 194) that nothing can be profitably added.

This motion resolves itself into the single question whether the amendment is one which we have power to grant, for we think the circumstances are such that if the power exists it

should be exercised.　Referring again to the language of section 1303 of the Code of Civil Procedure we see that the court is authorized to amend a notice of appeal which has been seasonably served where the appellant has omitted through mistake, inadvertence or excusable neglect to do any other act necessary to perfect the appeal.　This provision is in harmony with sections 721 to 724 inclusive of the Code of Civil Procedure, which give to the courts the most ample power of amendment of every process, pleading or other proceeding, at any stage of an action, either before or after judgment in any case where the amendment will not affect the substantial rights of the adverse party.

In the case at bar the appellant's notice of appeal to the Appellate Division from the final judgment of the Special Term contained a statement of his intention to bring up for review the interlocutory judgment which had theretofore been rendered against him.　When he appealed to this court he inserted in his notice the same statement which had been a part of his notice of appeal to the Appellate Division.　He should have inserted in his notice of appeal to this court a sentence signifying his intention to bring up for review the Appellate Division's affirmance of the interlocutory judgment as well as its affirmance of the final judgment.　The interlocutory judgment was properly described in the notice, and as there was only one, his adversary could not have been misled.　That the omission to specify the judgment of affirmance, instead of the interlocutory judgment, was the result of inadvertence or mistake is obvious when we consider that there was no occasion for referring to the interlocutory judgment except for the purpose of bringing it up for review.　The appellant attempted to specify the subject of his appeal, but did it imperfectly because he failed to state that it was the interlocutory judgment as affirmed by the Appellate Division that he intended to bring up for review.　Had he failed to mention it at all, we would be powerless to help him, because an amendment in that event would make a new notice after the time to appeal has expired.　That is the precise point which

differentiates the case at bar from the case of *Rich* v. *Manhattan Ry. Co.* (150 N. Y. 542), where it was held that the interlocutory judgment could not be the subject of review in this court, for the reason that it was not specified in the notice of appeal. As matter of fact it appears from the original record of that case that the notice of appeal contained no reference to the interlocutory judgment, and that explains why the motion previously made to amend the notice of appeal was denied for want of power. (149 N. Y. 599.) So in *Lavalle* v. *Skelly* (90 N. Y. 546) it was held that after the time to appeal from a judgment had expired, the court could not amend a notice of appeal from an order denying a motion for a new trial, so as to make it a notice of appeal from a judgment. The judicial utterances in these cases, and in many others which might be cited, are simply reiterations in various forms of the plain language of section 784 of the Code of Civil Procedure which prohibits courts and judges from extending the time within which actions must be commenced or appeals taken. The amendment which we are now asked to make will have no such effect. It will only enable the appellant to make his notice more explicit by adding to his correct description of the interlocutory judgment a reference to the fact that it was affirmed by the Appellate Division. That will not make a new notice of appeal. It will simply cure an obvious and harmless defect.

We think the amendment is one which we have the power to make, and for that reason the application is granted upon condition that the appellant pay to the respondents the usual motion costs.

The order should be affirmed, with costs, and question certified answered in the negative; the motion to amend notice of appeal granted on payment of ten dollars costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Order affirmed.