### VOSE v. CONKLING et al.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

SUBROGATION (§ 26*)—PERSONS ENTITLED—VOLUNTEERS.

Testatrix in 1889 executed a mortgage on a leasehold to secure a bond for $2,500, and, the representative of the bondholder having demanded payment, testatrix's administratrix in 1902, the executor having died, applied to plaintiff, the representative of another estate, for a $3,000 loan with which to pay the mortgage indebtedness and taxes on the leasehold, giving as security two bonds, for $1,500 each, and a mortgage on the leasehold, and the sum borrowed was used to pay the $2,500 mortgage, leaving a surplus which went into the estate. Plaintiff thereafter assigned the bonds and mortgage to herself individually, and in 1910 began action and procured deficiency judgments against defendant, who was meanwhile appointed administratrix with the will annexed of testatrix's estate, and seeks to charge the realty of such estate to satisfy the judgments. *Held,* that plaintiff's loan to the administratrix was not made on the faith of the original indebtedness, but on new security, and in making the loan she was a mere volunteer, having no interest to protect, so that she cannot charge testatrix's realty, on the ground that there was no available personalty.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 67; Dec. Dig. § 26.*]

Appeal from Special Term, New York County.

Action by Flora L. Vose against Joseph C. Conkling, individually and as administrator, and others. From an interlocutory judgment at Special Term (74 Misc. Rep. 13, 134 N. Y. Supp. 718), overruling a demurrer to the complaint, defendants appeal. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Edgar J. Nathan, of New York City, for appellants.
Stuart G. Gibboney, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J.  Ann Maria Miller died on the 4th day of September, 1893, seised in fee of certain real estate, which the plaintiff in this action seeks to have charged with the payment of two deficiency judgments against an administrator of the said decedent, basing her right to that relief upon the following facts: The said decedent owned two leaseholds, upon one of which she had given a mortgage on the 5th of September, 1889, to secure the payment of her bond for the sum of $2,500 to one Matilda Wall.  By her will, after directing the payment of her debts and making certain small bequests, she gave her property to trustees to divide the income among her husband and two children, a son and a daughter, until the death of her husband and son, and upon their death she gave the remainder to her daughter absolutely.  Her executor and trustee, the said husband, died on the 2d of April, 1895, without having settled the estate, and letters of administration with the will annexed were issued to the daughter.  On the 23d of July, 1902, the representatives of Matilda Wall, who had died, demanded payment of the said bond and mortgage, and the said administratrix applied to the plaintiff and her sister, as administrators of the estate of Myra A. Wheeler, for a loan of $3,000, with which to pay the said mortgage indebtedness and the taxes on said leaseholds, and as security for said loan she, as administratrix, gave two bonds, of $1,500 each, and a mortgage of $1,500 on each of said leaseholds.  Said sum of $3,000, thus obtained, was used to pay the bond and mortgage of $2,500, executed by said testator, taxes which had accumulated on said leaseholds, and a surplus of $40.28 remaining after said payments was retained as assets of the estate.  Said loan of $3,000 was made by the plaintiff and her sister upon the advice of counsel that said leaseholds were good security, and that the said administratrix could lawfully execute mortgages thereon.  Thereafter the plaintiff, as sole surviving administratrix of Myra Wheeler, assigned said bonds and mortgages of $1,500 each to herself individually, and on the 23d day of July, 1910, began two separate actions thereon, and recovered deficiency judgments for $1,510.95 and $1,482.50, respectively, against the defendant Joseph C. Conkling, as administrator with the will annexed of said Miller; the former administrator having meanwhile died without having settled the estate, and he having been appointed as such.

The complaint alleges that said testatrix left no personal property, "so far as this plaintiff has been able to discover, except the aforesaid leaseholds," and we shall assume that that is a sufficient averment that the deficiency judgments cannot be satisfied out of the personal estate.  It is, of course, conceded that the judgments did not bind the decedent's real estate.  See section 1823 of the Code of Civil Procedure.  It may be assumed, however, that they might be enforced against the personal estate, if there were any, and, indeed, the Code inferentially so provides.  See section 1814, Code of Civil Procedure.  They did not purport to be, and in fact were not, based upon a personal obligation of the testator.  That obligation was paid and discharged, and in place of it the obligation of the administrator, as such, secured by mortgages on personal property,

executed by the administrator, was accepted. The obligation is not even for the same amount as the original obligation, but is for a larger sum, part of which was used to pay taxes, and the rest went into the hands of the administrators as part of the personal estate. The loan was not made on the faith of the original indebtedness, but on security which was thought to be ample. The purpose of the transaction was in part to pay the obligation of the testator, and by that payment that obligation was discharged, and in its place a new obligation, with different security, was substituted. After the lapse of years, that security turned out to be insufficient; but that does not justify a resort to the original obligation, which the parties did not intend to keep alive. The plaintiff had no interest whatever to protect in advancing money to discharge the obligation of the said testator, and in doing so was a mere volunteer. Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051. She cannot, therefore, ask that an obligation be kept on foot which she expected to be extinguished. If it had turned out that for any reason the security accepted by her was invalid, a different question would arise. But she has had her security. She has been permitted to foreclose her mortgages, and now has judgments against the administrator for the deficiency. That is all she contemplated getting when she made the loan. She has merely been disappointed in the amount which the leaseholds sold for at foreclosure sale. But that may have been due to changed conditions, and it may have been due to a mistake as to the value of the leaseholds when the loan was made. Whatever the cause, it does not justify a resort to an obligation which all the parties intended to have discharged.

The administrator could not have created a valid lien upon the real estate directly by mortgage, and that result cannot be accomplished indirectly in the method attempted by the plaintiff in this case. The plaintiff accepted an obligation, enforceable against the personal estate, secured by mortgages on a particular part of the personal estate, and she must look to the obligation and the security on the faith of which she advanced her money. This result is not inequitable. If the mortgage given to Matilda Wall had been foreclosed, when payment was demanded in 1902, it is not at all unlikely that the one leasehold, upon which it was a lien, would have sold for enough to pay it. At any rate, the two leaseholds were then considered adequate security for a larger sum.

The interlocutory judgment is reversed, with costs, and the demurrer is sustained, with costs, with leave to the plaintiff to serve an amended complaint, on payment of costs in this court and in the court below. All concur.