(157 App. Div. 442.)

## LAMPORT v. SMEDLEY et al.

(Supreme Court, Appellate Division, First Department. June 13, 1913.)

APPEAL AND ERROR (§ 458*)—STAY OF PROCEEDINGS—RIGHT OF APPELLANT.
Code Civ. Proc. §§ 1327, 1328, providing for a stay of execution pending an appeal, upon the giving of a bond for a money judgment, or upon delivery into court of the property affected by a judgment for specific chattels, do not apply to a judgment by the Appellate Division, restoring to the defendant property which the judgment of the Special Term had erroneously required her to deliver to another.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2223, 2224; Dec. Dig. § 458.*]

Appeal from Special Term, New York County.

Action by Albert G. Lamport, as administrator, against Mary C. Smedley and another. From an order of the Special Term, staying the execution of a judgment entered upon order of the Appellate Division, defendant Mary C. Smedley appeals. Order reversed.

See, also, 155 App. Div. 516, 140 N. Y. Supp. 567.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John S. Wise, Jr., of New York City, for appellant.
Charles T. B. Rowe, of New York City (Edmund L. Mooney, of New York City, on the brief), for respondent.

LAUGHLIN, J. On the 12th day of March, 1913, on an appeal by the defendant, this court reversed a judgment of the Special Term pursuant to which certain certificates of stock and dividends, and interest thereon, and the sum of $5,993.81, were delivered to the plaintiff on the 4th day of April, 1911, and ordered and adjudged that the certificates of stock and moneys so delivered, together with interest on the moneys, be *forthwith* restored and delivered to the defendant Smedley, and that the complaint as against her be dismissed on the merits, together with costs in all courts; and, upon a certified copy of the order of this court, judgment in accordance therewith was duly entered in the office of the clerk of the county of New York

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the 19th day of March, 1913. The plaintiff thereupon obtained an order to show cause why an order should not be made staying the execution and enforcement of the judgment pending his appeal therefrom to the Court of Appeals, and, pending the motion, he obtained a stay of proceedings on the part of the defendant Smedley to enforce the judgment. The affidavit upon which the order to show cause was obtained showed that the plaintiff had appealed from the judgment and had given an undertaking for the payment of all costs and damages which may be awarded against him on the appeal, not exceeding $500.

The order from which the appeal was taken stays the execution and enforcement of the judgment pending the appeal to the Court of Appeals, upon the delivery into court of the certificates of stock, and upon the giving of a further undertaking by the plaintiff in the sum of $6,000, for the payment of all costs and damages which may be awarded against him on the appeal, and, in the event that the judgment should be affirmed, or the appeal dismissed, the payment of "the sum recovered or directed to be paid by said judgment." It is contended in behalf of the plaintiff that, upon giving the further undertaking required by the order, he will have complied with the provisions of section 1327 of the Code of Civil Procedure with respect to giving security to obtain a stay of the execution of the judgment in so far as it requires the payment *or delivery of money,* and that on the delivery of the securities into court as required by the order he will have complied with the provisions of section 1328 of the Code of Civil Procedure with respect to obtaining a stay of the execution of the judgment in so far as it relates to the delivery or return of the *securities,* and that thereupon, by virtue of the provision of section 1310 of the Code of Civil Procedure, he will become entitled to a stay as matter of right.

We are of opinion that these contentions are untenable. The undertaking which has been given by the plaintiff was required by section 1326 of the Code of Civil Procedure to perfect his appeal. The provisions of section 1327 of the Code of Civil Procedure with respect to obtaining a stay of the execution of a judgment for a sum of money, or of a judgment or order directing the payment of a sum of money, and of section 1328 of the Code of Civil Procedure with respect to the stay pending appeal on the execution of a judgment or order directing the assignment or delivery of a document or·of personal property, other than a chattel mentioned in section 1329, by bringing the same into court or placing it in the custody of an officer or receiver designated by the court, plainly relates, I think, to an *original judgment* or order for the delivery of property or the payment of a sum of money, and not to *an order or judgment on appeal* for the *restitution* of property, the delivery of which by one party to another pending the action has been erroneously required. The restitution was ordered by this court, pursuant to the provisions of section 1323 of the Code of Civil Procedure, upon the reversal of the erroneous judgment under which the defendant Smedley was required to deliver the property and pay the money to the plaintiff; and the judgment entered

pursuant to the order of this court was the judgment of this court, and not of the Special Term. Dwight v. Gibb, 208 N. Y. 153, 101 N. E. 851. This court granted the judgment which the Special Term should have granted, and thereupon the defendant Smedley became entitled to have the property and money immediately returned to her. Thereafter the plaintiff was no more entitled to retain possession of the property than he would have been to obtain a delivery of it to him, if it had remained in the possession of the defendant until after the decision of this court reversing the erroneous judgment for its payment and delivery to plaintiff. Doubtless this court might have stayed or suspended the execution of its own order or judgment for restitution; but the court at Special Term was without authority so to do.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(81 Misc. Rep. 159.)

### HANCOCK v. HARTFORD FIRE INS. CO.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. EVIDENCE (§ 148*)—TELEPHONE CONVERSATIONS—ADMISSIBILITY.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. § 148.*]

2. WITNESSES (§ 37*)—TELEPHONE CONVERSATIONS—ADMISSIBILITY.

Where an employé of defendant testified to a telephone conversation with plaintiff, and the issue involved what was said in the conversation, the testimony of a second employé overhearing what the employé said to plaintiff in the conversation, was admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 80, 87; Dec. Dig. § 37.*]

3. INSURANCE (§ 230*)—FIRE INSURANCE—STIPULATIONS—WAIVER.

A stipulation in a fire policy, authorizing insurer to cancel the policy on tendering the pro rata unearned premium, is for the benefit of insured, and he may waive the requirement of a tender of the unearned premium.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. § 230.*]

4. INSURANCE (§ 230*)—FIRE INSURANCE—CANCELLATION OF POLICY.

Where insured, in a fire policy stipulating for its cancellation by insurer tendering the pro rata unearned premium, knew of the intention of insurer to cancel, and voluntarily surrendered the policy unconditionally for that purpose, the policy was canceled, though insurer did not tender the unearned premium.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. § 230.*]

Appeal from Municipal Court, Borough of Manhattan, First District.