# THE

# NEW YORK SUPPLEMENT

## VOLUME 144

---

(159 App. Div. 201.)

### VOSE v. CONKLING et al.

(Supreme Court, Appellate Division, First Department.   November 14, 1913.)

1. COURTS (§ 237\*)—COURT TO WHICH APPEAL MAY BE TAKEN—JUDGMENT FOL-
   LOWING REVERSAL.
     Where judgment against plaintiff on the pleadings followed reversal by
   the Appellate Division of an order overruling a demurrer to the com-
   plaint, plaintiff having elected not to amend, her right of appeal was to
   the Appellate Division, and not to the Court of Appeals; that court being
   without jurisdiction except to hear a further appeal after an appeal had
   been taken to the Appellate Division.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 491, 678–696; Dec.
   Dig. § 237.\*]

2. APPEAL AND ERROR (§ 422\*) — NOTICE OF APPEAL — AMENDMENT — JURIS
   DICTION.
     Demurrer to plaintiff's complaint having been overruled, the interlocu-
   tory judgment was reversed by the Appellate Division with leave to plain-
   tiff to amend.   Plaintiff elected not to amend, but suffered final judgment
   dismissing the complaint, and then filed and served notice of appeal there-
   from, but through inadvertence or misapprehension of the law gave no-
   tice of an appeal to the Court of Appeals instead of to the Appellate
   Division, which was the only court having jurisdiction of the appeal.
   *Held*, that the Special Term, being the court whence the appeal was taken,
   had jurisdiction to permit an amendment of the notice to change the
   name of the court to which the appeal was taken to the Appellate Divi-
   sion under Code Civ. Proc. § 1303, vesting authority to amend a notice
   of appeal in "the court in or to which the appeal is taken."
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2149;
   Dec. Dig. § 422.\*]

3 APPEAL AND ERROR (§ 420\*)—NOTICE OF APPEAL.
     Where the Appellate Division had reversed an interlocutory judgment
   overruling a demurrer to the complaint and granted plaintiff leave to
   amend, but plaintiff elected not to amend and suffered judgment dis-
   missing the complaint, it was not essential to a valid notice of appeal
   from that judgment that it also failed to give notice of an intention to
   review the interlocutory judgment.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2147;
   Dec. Dig. § 420.\*]

4. APPEAL AND ERROR (§ 422\*)—NOTICE OF· APPEAL—AMENDMENT—TIME TO
   APPEAL—EXPIRATION.
     Code Civ. Proc. § 1300, prescribes how an appeal shall be taken, but
   does not expressly require that the notice shall state the court to which

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

144 N.Y.S.—1

the appeal is taken; such requirement being merely one of practice. Section 1303 declares that where a notice of appeal is seasonably served in good faith, but the appellant omits, through mistake, inadvertence, or excusable neglect, to do any other act necessary to perfect the appeal, the court in or to which the appeal is taken may, in its discretion, permit the omission to be supplied, or an amendment made on proper terms. *Held*, that where appellants' attorney, through inadvertence or misapprehension of the law, served notice of appeal from a judgment of the Special Term to the Court of Appeals instead of to the Appellate Division, the Special Term had jurisdiction to permit an amendment of the notice curing the defect, though after the time to appeal from the judgment had expired.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2149; Dec. Dig. § 422.*]

McLaughlin and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Flora L. Vose against Joseph C. Conkling, individually and as adminstrator, etc., of Ann Maria Miller, deceased, and others. From an order of the Special Term amending the notice of appeal by striking therefrom the words "to the Court of Appeals," and inserting in place thereof the words "to the Appellate Division of the Supreme Court in the First Department," and permitting the withdrawal of the return to the Court of Appeals with the consent of that court, defendants appeal. Affirmed.

See, also, 144 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred H. Cumbers, of New York City, for appellants.

John Brooks Leavitt, of New York City (Stuart G. Gibboney, of New York City, on the brief), for respondent.

LAUGHLIN, J. A demurrer to the complaint interposed herein was overruled, and on appeal this court reversed the interlocutory judgment with leave to plaintiff to amend. Vose v. Conkling, 153 App. Div. 40, 137 N. Y. Supp. 1066. The plaintiff elected not to amend, and suffered final judgment dismissing the complaint, and then filed and served a notice of appeal therefrom. Through inadvertence and a misapprehension of the law on the part of counsel for the plaintiff, that appeal was taken, in form, to the Court of Appeals.

[1] If the final judgment followed an *affirmance* by this court, an appeal direct to the Court of Appeals would have been authorized by section 1336 of the Code of Civil Procedure; but, since it followed a *reversal* by this court, the Court of Appeals was without jurisdiction to hear the appeal and could review the judgment only after a further appeal to this court. Leonard v. Barnum, 168 N. Y. 41, 60 N. E. 1062; McNamara v. Goldan, 194 N. Y. 315, 87 N. E. 440; Will v. Barnwell, 197 N. Y. 298, 90 N. E. 817.

On the 8th day of April, 1913, the attention of counsel for the plaintiff was drawn to the fact that a motion had been noticed by the defendants in the Court of Appeals for the dismissal of the appeal on the ground that that court was without jurisdiction to hear it,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which motion was returnable on the 14th of April, 1913; and on ex-
amining the Code of Civil Procedure, he discovered the error, and
on the next day, on an affidavit showing that in preparing the notice
of appeal and in taking the appeal it was his intention to appeal to
the court having jurisdiction in the premises, he obtained an order to
show cause why the notice of appeal should not be amended so as to
show that the appeal was to the Appellate Division. That motion was
granted and the order duly entered on the 14th of April, 1913. The
motion to dismiss the appeal to the Court of Appeals was submitted to
that court on the 2d of June and granted on the 10th of June, 1913.
Vose v. Conkling, 209 N. Y. ——, 102 N. E. 1116.

[2] The principal points made for the reversal of the order are
that the final judgment, from which the plaintiff attempted to appeal,
was the judgment of the Appellate Division, and that therefore the
Special Term was without jurisdiction to amend the notice of ap-
peal. If it were a final judgment of this court, the point that the
Special Term could not amend the notice of appeal would be well
taken, for authority to amend a notice of appeal is confined to "the
court, in or to which the appeal is taken." Code of Civil Procedure,
§ 1303; Bulkley v. Whiting Mfg. Co., 136 App. Div. 479, 121 N. Y.
Supp. 159; Waldo v. Schmidt, 139 App. Div. 589, 124 N. Y. Supp.
189, affirmed 200 N. Y. 199, 93 N. E. 477. If, however, the final
judgment were the judgment of this court, there would be no oc-
casion for appealing to this court therefrom before appealing to the
Court of Appeals, and the Court of Appeals would not have dismissed
the appeal. McNamara v. Goldan, supra; Code Civ. Proc. § 190, sub-
div. 1. The authorities relied upon in support of the contention by
the appellants do not sustain it. In Dwight v. Gibb, 208 N. Y. 153,
101 N. E. 851, the point decided was that where this court made an
order modifying a judgment of the Supreme Court, and after the en-
try of the order in the office of the clerk of this court a certified copy
thereof with the original papers upon which the appeal was heard
was transmitted to the county clerk and the proper judgment in ac-
cordance therewith was entered by the county clerk, such judgment
was the judgment of this court, and the appeal to the Court of Ap-
peals should be therefrom, and not from the order of this court. In
Lamport v. Smedley, 157 App. Div. 442, 142 N. Y. Supp. 350, the
point decided was that it was not competent for the Special Term to
stay the execution of a decree entered pursuant to the order of this
court without further proceedings in the court from which the ap-
peal was taken, on the ground that such decree was the decree of this
court. The other case relied upon by the appellants is McNamara
v. Goldan, supra. In that case the opinion of the Court of Appeals
recognized that a final judgment entered after the reversal of an in-
terlocutory judgment by the Appellate Division is literally the judg-
ment of the Special Term, but for the purpose of determining the au-
thority of the Court of Appeals to entertain an appeal from the
subsequent affirmance thereof by the Appellate Division, it was held
that, since the Special Term had no discretion, the affirmance of such
final judgment by the Appellate Division was in effect a reversal of

the trial court, and that an appeal to the Court of Appeals would lie therefrom on that theory, notwithstanding the fact that the action was one of the class, in which, under subdivision 2 of section 191 of the Code of Civil Procedure, no appeal lies to the Court of Appeals from a unanimous decision of the Appellate Division.

In the case at bar this court did not direct the final judgment, and that could not be entered without an application to the Special Term (see Leonard v. Barnum, 168 N. Y. 41, 60 N. E. 1062), and although the Special Term had no discretion in the premises, for it was its duty to accept the law as declared by this court, yet the final judgment was the judgment of the Special Term, and not the judgment of this court, within the purview of section 1303 of the Code of Civil Procedure, which authorizes the court "in or to which the appeal is taken" to permit an amendment of a notice of appeal. Manifestly, the Legislature intended, by the provisions of that section, to confer authority upon *two* courts to allow amendments to notices of appeal, namely, the court of review, and the court whose action is under review. The only practical effect of such an appeal to this court is to pick up, on the way to the Court of Appeals, the order of this court reversing the interlocutory judgment, for the hearing here is necessarily pro forma. Nevertheless, for the purposes of these Code provisions, the court *in* which the appeal is taken is the Special Term of the Supreme Court, and that court has the same jurisdiction as this court to authorize amendments.

[3] There is no force in the contention that the notice of appeal is ineffective for any purpose, owing to the fact that it contains no notice of intention to have the interlocutory judgment reviewed. That judgment having been reviewed by this court, the plaintiff was not required to ask in the notice of appeal to this court for another review thereof.

[4] The only remaining question which arises, but upon which the appellants present no argument, is as to whether said section 1303 of the Code of Civil Procedure authorizes such an amendment after the time to appeal from the judgment has expired. Section 1300 of the Code of Civil Procedure, which prescribes how an appeal may be taken, does not expressly require that the notice of appeal shall state the court to which the appeal is taken; and, while the practice requires that the court be specified, the omission is an irregularity and not jurisdictional. Silsbee v. Gillespie, 9 Abb. Prac. N. S. 139. In the case at bar the appeal would lie only to the Appellate Division. It was manifestly the desire of the plaintiff, and the intention of her counsel, and is so shown by his affidavit, to appeal to the court which had jurisdiction to hear the appeal. The fact that, through oversight or misapprehension with respect to the law, he designated the wrong court, is, I think, a matter from the consequences of which his client may be relieved. Section 1303 of the Code of Civil Procedure provides, among other things, that where a notice of appeal is served seasonably and in good faith upon the clerk or the adverse party, or his attorney, but the appellant "omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, or to do any other

act, necessary to perfect the appeal, or to stay the execution of the judgment or order appealed from, the court, in or to which the appeal is taken, upon proof, by affidavit, of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires." I am of opinion that this section clearly authorized the amendment.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and CLARKE, J., concur.

McLAUGHLIN, J. (dissenting). The defendants demurred to the complaint which was overruled, but on appeal the same was reversed and demurrer sustained, with leave to plaintiff to serve an amended complaint. Vose v. Conkling, 153 App. Div. 40, 137 N. Y. Supp. 1066. Plaintiff's attorney supposed that, if he did not amend and final judgment were entered, he could appeal direct to the Court of Appeals. This was the course adopted. In doing this he did not intend to appeal to this court, and there never has been any pretense or claim made that he did. Subsequently, a motion was made to dismiss the appeal to the Court of Appeals, on the ground that that court did not have jurisdiction. The attorney then, for the first time, ascertained that in order to appeal to the Court of Appeals he would first have to appeal to the Appellate Division, and it was then that he made his application which resulted in the order here appealed from to amend his notice of appeal by striking out the words "to the Court of Appeals" and inserting in place thereof "to the Appellate Division of the Supreme Court in the First Department." The time, however, within which an appeal could have been taken to the Appellate Division had, by express provision of the statute, expired. Nevertheless, an order was made permitting the amendment, and it is sought to sustain the same by virtue of the provisions of section 1303 of the Code of Civil Procedure. This section, in substance, provides that where an appellant "seasonably, and in good faith, serves the notice of appeal," but omits "through mistake, inadvertence or excusable neglect" to perfect the appeal, that then the court in or to which the appeal is taken may, in its discretion, permit the omission to be supplied.

Here, an appeal was not seasonably and in good faith taken from the judgment to the Appellate Division; on the contrary, it was taken and intended to be taken solely to the Court of Appeals. An appeal was never intended to be taken to the Appellate Division until after the time provided by statute within which such an appeal might be taken had expired. Under such circumstances, to permit the notice of appeal to be amended is to nullify an express provision of the statute.

I am of the opinion, therefore, that the order appealed from should be reversed, and the motion denied.

SCOTT, J., concurs.