MEYER MORRIS et al., Plaintiffs, *v.* BROKAB CORP., Defendant.

City Court of the City of New York, Special Term, New York County, October 13, 1948.

*Ruben M. Cohen* for defendant.

*Leon Shapiro* for plaintiffs.

BYRNES, Ch. J. Defendant moves for leave to file a surety company undertaking on appeal *nunc pro tunc.* The essential question on this motion is whether the court has the power to grant the motion, the plaintiff contending that it does not have such power and the defendant urging that it does. It seems clear to me that this court has such power. Section 107 of the Civil Practice Act provides in part: " Where an appellant, seasonably and in good faith, serves a notice of appeal * * * but omits, through mistake, inadvertence or excusable neglect * * * to do any other act necessary to perfect the appeal or to stay the execution of the judgment or order appealed from; the court, in or to which the appeal is taken,

upon proof, by affidavit, of the facts, may permit, in its discretion, the omission to be supplied, or an amendment to be made, upon such terms as justice requires.''

In *Waldo* v. *Schmidt* (200 N. Y. 199) the court construed the words '' the court, in or to which the appeal is taken '' to mean the court *in* which the appeal is taken or *to* which the appeal is taken. The court stated (p. 204): '' As applied to the case at bar, these two courts are the Appellate Division, *in* which the appeal was taken, and the Court of Appeals, *to* which the appeal was taken.'' In the instant case, the appeal is being taken *in* this court *to* the Appellate Term, and this court has the same jurisdiction as the Appellate Term to entertain this motion (cf. *Vose* v. *Conkling,* 159 App. Div. 201, 204; *Brown* v. *State of New York,* 31 N. Y. S. 2d 16).

*Nelson* v. *Tenney* (113 N. Y. 616) cited by plaintiff, is not inconsistent with the foregoing; it simply held, in brief memorandum opinion that the Special Term was without power to grant an order allowing the appellant to file an undertaking on appeal not filed within the statutory period. The reason for this holding becomes clear after a reading of the extended discussion in *Waldo* v. *Schmidt* (*supra*) namely, that it involved an appeal in the Appellate Division to the Court of Appeals, and those were the only two courts which could have entertained the motion. Another case cited by the plaintiff is *Bulkley* v. *Whiting Mfg. Co.* (136 App. Div. 479); but for a full understanding of the present force and effect of that decision it must be remembered that it was explained in part and overruled in part by the Court of Appeals in *Waldo* v. *Schmidt* (*supra,* pp. 204–205).

As to the liberal policy of the courts concerning leave to file an undertaking on appeal after the law day has passed, see: *United States Hat Co.* v. *Title Guar. & Trust Co.* (273 N. Y. 586); *Goldberg* v. *Weihman* (268 N. Y. 638); *Labieko* v. *American Piano Co.* (268 N. Y. 639); *Matter of Salant* (210 N. Y. 615); *Matter of Stephenson* (193 App. Div. 929); *J. & M. Electric Co.* v. *Centotella* (77 Misc. 670); *Czupryna* v. *Strawinski* (50 N. Y. S. 2d 633).

Accordingly, the defendant's motion is granted on condition that it file a proper surety company undertaking within fifteen days from date of publication hereof and within the same time pay $10 costs to the attorney for the plaintiff; otherwise denied.

The plaintiff's request contained in the answering affidavit, for the appointment of a receiver of the defendant's property,

is denied for two reasons: (1.) no cross motion was made for such relief; (2) it would seem to be unnecessary to appoint a receiver at this time since the defendant has applied for and been given leave to file an undertaking which will assure payment in full of the judgment if it is affirmed on appeal.