Bergan, J.
Charles B. Fricke is the sole defendant in the action which is for an injunction restraining him from using the waters of a lake. Plaintiff owns portions of the land under water. A temporary injunction was granted without notice. The defendant, his son, Raymond Fricke, and the son’s wife, Ethel Fricke, were each adjudged guilty of contempt for violation of the injunction.
The notice of appeal properly states in the title the name of Charles Fricke, but adds “ et. al.” after it, still, however, using *629 the singular “ defendant ”. In the body of the notice it is stated that the “ defendants ” Raymond Fricke and Ethel Fricke appeal. The notice is subscribed by the attorney who appeared in the action for the defendant and in the contempt proceeding for all three individuals proceeded against.
Under the subscription appears “ Attorney for Defendant-Appellant and for Raymond Fricke and Ethel Fricke, Appellants ”. The use of the word “ defendants ” in the body of the notice, where Charles Fricke is the only actual defendant, and especially the subscription “ Attorney for Defendant-Appellant ” followed by the clearly distinguishing words “ and for ’ ’ the named 1 ‘ appellants ’ ’ indicate- both that it was intended to state that Charles Fricke appealed and that the plaintiff was not misled or prejudiced by the form of notice. Both the liberal directions of section 105 of the Civil Practice Act and the weight of authority indicate the propriety of the amendment. (Wolff v. Hubert, 200 App. Div. 124; Vose v. Conkling, 159 App. Div. 201; McLachlin v. Brett, 27 Hun 18; cf. People v. Schoff, 266 App. Div. 158.)
The form of injunction submitted to, and signed by the Judge, is too vague and indefinite to be enforcible by contempt. It provides that the defendant be restrained from using or permitting the use of the lake “or so much thereof as belongs to the plaintiff ” and from interfering with plaintiff’s possession of “ its property, title, right, possession and/or ownership ”. The complaint is no more definite. It does not describe where plaintiff’s property in the lake is, but merely pleads the text of a deed which for description refers to another deed.
In plaintiff’s brief here it is stated that plaintiff owns all the land under water in the lake “ except for certain strips along the shore of the lake, no strip of which extends beyond 225 feet into the lake ’ ’. For proof of this the court is referred to a lengthy search of the title. What “ knowledge ” defendant had of the precise lines under water intended to be referred to in the injunction appears no more clearly. He testified he did not understand the injunctive language.
From the time of the Court of Chancery in New York, it was uniformly required that an injunction clearly and plainly state what the court prohibited if there was to be an adjudication of contempt. Defendant was not required to search out a complicated title or description at his peril. (Sullivan v. Judah, 4 Paige Ch. 444; Laurie v. Laurie, 9 Paige Ch. 233; Lyon v. Botchford, 25 Hun 57; Ketchum v. Edwards, 153 N. Y. 534.) *630 No proof of personal service of the injunction upon appellants Baymond Fiicke and Ethel Fricke is shown; and plaintiff claims they are bound by knowledge of the injunction. If it is too vague for summary enforcement against the party served personally, it is not enforcible against individuals in whom only knowledge secondhand is shown.
The motion to amend the notice of appeal should be granted and the order appealed from reversed, with $10 costs and disbursements. ,
Foster, P. J., Heppernan, Brewster and Coon, JJ., concur. Motion to amend the notice of appeal granted and the order appealed from reversed, on the law and facts, with $10 costs and disbursements.