SAMUEL KALISH et al., Copartners Doing Business as KAGO COMPANY, Respondents, v. BELMONT MOTORS, INC., Appellant.— In an action in the City Court of the City of Peekskill, judgment was entered in favor of plaintiff after trial in the amount of $538.27, with interest and costs. Thereafter, the defendant appealed to the County Court, Westchester County, and the appeal was dismissed on the ground that the County Court was without jurisdiction to hear the appeal inasmuch as the judgment was in an amount in excess of $500. (Peekskill City Charter, § 157, subd. 3; L. 1938, ch. 194, as amd. by L. 1943, ch. 684.) Defendant appeals to this court from the order of the County Court. Order of the County Court unanimously affirmed, with $10 costs and disbursements, without prejudice to an application in the proper court for leave to amend the notice of appeal. (Civ. Prac. Act, § 107; *Waldo* v. *Schmidt*, 200 N. Y. 199; *Vose* v. *Conkling*, 159 App. Div. 201; *Vesper* v. *Callahan*, 276 App. Div. 784; *Oddo* v. *Annunziata*, N. Y. L. J., March 11, 1941, p. 1109, col. 1 [App. Div., 2d Dept.].) Present — Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ.

■

PAUL LIEBELL, Respondent, v. PRENTICE-HALL, INC., et al., Appellants.— Action by a former employee of defendant corporation for damages for fraud and deceit and for commissions earned. Defendants appeal from an order granting plaintiff's motion for reargument and, on reargument, denying defendants' motion to dismiss the cause of action for fraud and deceit on the ground that it does not state facts sufficient to constitute a cause of action, pursuant to rule 106 of the Rules of Civil Practice. Order modified by striking from the third ordering paragraph the word " denied " and by substituting in lieu thereof the following: " granted and the first cause of action be, and the same hereby is, dismissed, with leave to plaintiff to serve an amended complaint within ten days after the date of the order to be made hereon "; and by striking therefrom the fourth ordering paragraph and by substituting in lieu thereof the following: " Ordered, that defendants may, within ten days after the entry of the order hereon, serve an answer to the second cause of action and may serve an answer to the amended complaint, within ten days after the service of such amended complaint." As so modified, the order is affirmed, with $10 costs and disbursements to appellants. The cause of action in question does not contain an allegation that the amount actually paid plaintiff for his services in the Brooklyn territory was less than the value of said services. (See *Hanlon* v. *Macfadden Publications*, 302 N. Y. 502.) Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.